J. A. HAMILTON v. E. N. BROOKS, WILLIAM BEASLEY, AND MRS. F. STILL.

1. SEPARATE PROPERTY OF WIFE—NOTE FOR LAND.—A promissory note given the wife in consideration for land her separate property, and payable to her order, is her separate property; and parties having notice of her rights would acquire no valid title to the note through the unauthorized act of her husband.
2. RATIFICATION.—See facts held insufficient to establish a ratification by a widow of an unauthorized disposition by her husband of a promissory note, her separate property.

ERROR from Wharton. Tried below before the Hon. William H. Burkhart.

Hamilton sued defendants, alleging that on the 30th of December, 1872, Beasley purchased a tract of land from Mrs. Still, and executed a note for $400, due January 1, 1874, for a part of the purchase-money, making it payable to Mrs. Still or order, and to secure its payment executed a deed of trust, with power to sell, on the land purchased, in which Brooks

was named as trustee; that William Still, husband of Mrs. Still, for a valuable consideration, and before its maturity and with Mrs. Still's consent, transferred the note by delivery to W. W. Dunklin; that Dunklin paid Mrs. Still the full amount of the note, and afterward transferred it to plaintiff for a valuable consideration; that Brooks advertised the land for sale on April 19, 1874, under the deed of trust, for Mrs. Still's benefit; that the plaintiff was owner of the note, which was unpaid, and entitled to the security of the trust deed, and prayed for an injunction to restrain the sale by Brooks, for his removal from his position as trustee, for a judgment for the amount of the note against Beasley, and for a foreclosure of the trust deed. The injunction was granted and issued.

Brooks and Mrs. Still answered with a general denial; admitted that Beasley bought the land and gave the note, but denied that the note was sold to Dunklin, or to any one, with the knowledge or consent of Mrs. Still; denied that Hamilton was the legal owner thereof, and Mrs. Still claimed the note as her separate property. Beasley said he signed the note and was willing to pay it, but did not know who was the owner. There was a trial, and verdict for the defendant, Mrs. Still; a motion for a new trial, which was overruled, and writ of error by plaintiff.

The evidence and charge of court sufficiently appear in the opinion.

*Peticolas & King*, for appellant.

I. When a note payable to the wife is by the husband, or, by his authority, transferred to a third person and by him sold, and the husband subsequently dies and his wife becomes his administratrix, and the full value of the note is credited upon a claim against the husband for borrowed money, (which was used in part to pay off an incumbrance on her homestead,) which has been presented to her for allowance, and she is fully informed that the credit on the claim is for the purchase-money of the note which had been sold, and she

does not then claim the note as her property, but allows the purchase-money of the note to remain upon the claim so presented as a credit thereon, and takes no steps to assert a right to the note until the claim is settled,—these acts are a ratification of the transfer and sale of the note, and estop the wife from ever claiming the note, though the transfer of the same might have been informal. (17 Tex., 575; Crozier *v.* Kirker, 4 Tex., 252; 1 Pars. on Cont., note 51; 1 Hill. on Cont., 616, 617, 618; Story on Cont., sec. 496; Chitty on Cont., 217; Lynde *v.* Budd, 2 Paige Ch., (N. Y.,) 191; Schouler on The Domestic Relations, 115, 116.)

II. The husband may collect a note given for the purchase-money of the wife's land, without any express authority therefor being shown.

III. By permitting the credit of $440, and interest, to remain upon the account of W. W. Dunklin against the estate of her deceased husband, William Still, after she had been informed that it was for the purchase-money of the note and that the note had been sold to Hamilton, she ratified the sale of said note to Hamilton, although it might have been made without her authority, and she could not afterwards claim the note as her own. (Story on Cont., sec. 496; Hill. on Cont., 616–618; Chitty on Cont., 217.)

IV. The verdict of the jury is contrary to the law and the evidence, in that it gives Mrs. Still pay for the note and also the note itself. (Cravens *v.* Booth, 8 Tex., 249; Henderson *v.* Railroad Co., 17 Tex., 575; Womack *v.* Womack, 8 Tex., 414; 2 Pars. on Cont., note 51; Lynde *v.* Budd, 2 Paige Ch., (N. Y.,) 191.)

V. The note having been transferred by the husband's authority, and Hamilton having paid full value for it, had perfect title thereto by virtue of the transfer so made. (Hemmingway *v.* Mathews, 10 Tex., 207; Smith's Mer. Law, 220; Edw. on Bills and Notes, 247; Schouler on The Domestic Relations, 115, 116; Bright's Husband and Wife, 37.)

*Price & Wilson,* for appellees.

I. A note executed to the wife for her separate property sold, is still her separate property. Neither her separate property nor the proceeds arising from its sale, without her knowledge and consent, can be taken by the husband, or by any one else acting under his authority, to pay his debts. (Love *v.* Robertson, 7 Tex., 6; Mason *v.* Kleberg, 4 Tex., 87; Rose *v.* Houston, 11 Tex., 326; Oliver *v.* Robertson, 41 Tex., 425; Chapman *v.* Allen, 15 Tex., 278; Huston *v.* Curl, 8 Tex., 239; Chappell *v.* McIntyre, 9 Tex., 163; Tucker *v.* Carr, 39 Tex., 100.)

II. The right to collect debts of the wife by the husband, does not confer the right to apply such debts to the payment of his own indebtedness.

III. The facts in this case do not constitute an estoppel against the widow. (1 Am. Lead. Cases, 574; Reese *v.* Medlock, 27 Tex., 124; Magee *v.* White, 23 Tex., 189; Reagan *v.* Holliman, 34 Tex., 412; Story on Agency, secs. 90, 91.)

GOULD, ASSOCIATE JUSTICE.—The promissory note which Beasley gave, payable to Mrs. Still or order, in payment for lands of her separate estate, was her separate property, and parties having notice of her rights would acquire no valid title to the note through the unauthorized act of her husband. (Rose *v.* Houston, 11 Tex., 326; Hemmingway *v.* Mathews, 10 Tex., 207.)

The husband deposited the note with Dunklin as collateral security, but without indorsement or written transfer, and Dunklin, after the husband's death, transferred the note to appellant Hamilton, crediting his claim against the estate of Still with an amount equal to the note and interest. His claim thus credited was presented to Mrs. Still, as administratrix of her husband's estate, and was by her accepted. Appellant asked a charge to the effect that the jury were authorized to presume from her acceptance of the claim, with knowledge of the credit, that she ratified the appropriation

made of the note.   This charge the court refused, but in-
structed the jury, that "An allowance by Mrs. Still of ac-
counts against her husband's estate, in which this note may
have been included, cannot be regarded as a ratification of
his act in transferring the note."   In the same paragraph
of the charge, the jury are told that it is for them to deter-
mine, from all the facts and circumstances of the case, the
authority to transfer the note, or the ratification thereafter
of said transfer.

The assignments of error object to the part of the charge
just copied as on the weight of evidence, and object, also, to
the refusal of the charges asked.   The clause objected to in
the charge as given was evidently designed to negative the
claim that the action of Mrs. Still, as administratrix, in accept-
ing the account with the credit, was, as matter of law, a ratifi-
cation of the transfer of the note; but, by the latter part of the
same paragraph of the charge, the jury were left to determine
the question of ratification from this and all the other circum-
stances of the case.   The objection that the charge is upon the
weight of evidence, is not well founded.   Whether there had
been an implied ratification of the appropriation of the note,
was a question of fact.   It may be that the court should have
instructed the jury more fully as to what would constitute an
implied ratification.   (Reese v. Medlock, 27 Tex., 124; 1 Am.
Lead. Cases, p. 594.)   If so, appellants should have asked ap-
propriate instructions, and having failed to do so, cannot now
complain of the omission.

The judgment is affirmed.

AFFIRMED.