SAMUEL MORRIS v. W. L. EDWARDS.

(No. 644, Op. Book No. 2, p. 638.)

ERROR from Anderson County.    Opinion by WHITE, P. J.

§ 548. *Evidence that the note sued on was the separate property of the wife, and transferred by the husband without authority.* The note was executed by Morris to Mary E. Dismukes, and it was indorsed "transferred to W. L. Edwards by Mary E. Dismukes, per G. W. Dismukes." There was no controversy as to the fact that the note was the separate property of the wife. On the trial Morris proposed to prove that the transfer of the note by the husband, G. W. Dismukes, was without the knowledge, authority and consent of the wife; and he also proposed to prove that, at the time of said transfer, it was understood that it should only be effectual in case it was ratified by the wife. And he proposed also to prove that the wife had refused to ratify the transfer. The allegations in defendant's answer warranted, and the evidence was legitimate, the note not being negotiable. In Hamilton v. Brooks it was held that "a promissory note given the wife in consideration for land, her separate property, and payable to her order, is her separate property, and parties having notice of her rights would acquire no valid title to the note through the unauthorized act of the husband." [51 Tex. 142.] If the note was not the property of Edwards, but of Mrs. Dismukes, then the defendant had pleaded offsets against Mrs. Dismukes.

§ 549. *Ten per cent. damages on appeal to county court.* The county court rendered judgment not only for the amount due upon the note, but ten per cent. damages also. The law at one time conferred authority to render such damages [Sayles' Prac. (2d ed.) § 135], but it is not now in force.

December 11, 1880.              Reversed and remanded.