[Opinion delivered February 19, 1884.]

---

### R. L. ANDERSON v. MARTINDALE & SCHULTZ.

(Case No. 1801.)

1. CHARGE ON WEIGHT OF EVIDENCE.— In a suit brought by appellant for commissions claimed in selling flour, it was a controverted point whether appellant should be paid twenty cents per barrel, or $20 a car-load, about which the evidence was conflicting. The following instruction was given: "If the jury believe, from the evidence, that a contract existed between the parties prior to 1879, and continuing during that year, by which R. L. Anderson was to be paid $20 per car-load, consisting of one hundred barrels, and if you believe that after such contract had been in existence, and of performance, the number of barrels shipped in each car was increased, and if Anderson was notified of such increase without his making any demand for extra compensation, then you are charged that the fact of an increase in the number of barrels stored in each car would not of itself change or alter the original contract. And if the original contract was that the parties should receive compensation by the car-load, the mere fact alone of an increase in the number of barrels sent in a car would not entitle him to charge or receive commissions by the barrel." *Held*, that it was not a charge upon the weight of evidence.

APPEAL from Galveston. Tried below before the Hon. Wm. H. Stewart.

Suit brought by R. L. Anderson against Martindale & Schultz for the balance of an account for services rendered by Anderson in selling flour for Martindale & Schultz under a contract with them, wherein (as claimed by Anderson) it was agreed that he should be paid at the rate of twenty cents a barrel for all flour shipped by Martindale & Schultz to the Texas trade after employment of Anderson, from January, 1878, to the 29th of June, 1881; the de-

fendants M. & S. claiming that the contract between the parties was that the compensation should be $20 per car-load for flour shipped under the contract with Anderson, the issue between the parties being substantially whether the contract was for compensation by the barrel or by the car-load. Verdict in favor of Martindale & Schultz.

*McLemore & Campbell*, for appellant, cited: Drinkard *v.* Ingram, 21 Tex., 650; R. S., art. 1317, p. 209; Howerton *v.* Holt, 23 Tex., 51; Bailey *v.* Mills, 27 Tex., 438; Kimbro *v.* Hamilton, 28 Tex., 560; T. & P. R. W. Co. *v.* Murphy, 46 Tex., 357; Sparks *v.* Dawson, 47 Tex., 139; Willis *v.* McNeill, 57 Tex., 479.

*Waul & Walker*, for appellees.

WILLIE, CHIEF JUSTICE.— Only one of the assignments of error is relied on for a reversal of the judgment rendered in this cause. This relates to the special charge given at the request of the defendants. The objection made to it is, that it assumes facts as proved which had not been established, and that it is a charge on the weight of evidence.

Without going into a detail of the testimony, which is conflicting upon almost every point, it is sufficient to say that the witnesses for defendants (who appear to have been believed by the jury) proved that the contract was as alleged by the defendants, viz., $20 for each car-load, and not twenty cents for each barrel sold. They also proved that all parties acted upon this version of the contract for a long period of time; and that, after the railway companies began to allow more than one hundred barrels to be shipped in a car, the parties still dealt and settled upon a basis of $20 for each car-load, no matter what was the number of barrels the car contained.

The evidence of plaintiff was directly to the contrary.

The court, after having in its main charge fairly left to the jury to decide as to the credibility of the witnesses, gave, at the request of the defendants, the charge to which the objection was raised. There was a sufficient basis for the hypothesis of the charge, if the defendants' witnesses were to be believed, and we do not think that it was an instruction upon the weight of evidence.

The charge merely tells the jury, in effect, that a certain fact, if proved, would not of itself raise a conclusive presumption that the contract was as claimed by the plaintiff, or require a settlement upon the terms contended for by him; that they would be author-

ized to take into consideration certain other facts, if they were proved, as tending to rebut such presumption. He did not tell them what force or weight was to be given to any facts claimed to have been proved by either party. Howerton v. Holt, 23 Tex., 51. He did tell them, in substance, that no conclusive inference must be drawn from a state of facts supposed to be in evidence, without taking into consideration other circumstances detailed by the witnesses, provided they believed them to be true. Hurt v. Evans, 49 Tex., 318.

It was virtually a charge to look to the whole evidence, so far as they gave credit to it, to determine the nature of the contract and the rights of the parties under it, and not to one particular circumstance alone which might lead them to a different conclusion. This did not withdraw any question of fact from the jury, nor place undue stress upon one portion of the evidence rather than another. Hamilton v. Brooks, 51 Tex., 146.

The charge is not subject to the objections made to it, and, as no other complaint except the giving of this instruction to the jury is complained of, the judgment is affirmed.

AFFIRMED.

[Opinion delivered February 19, 1884.]