### S. JACOBS, BERNHEIM & CO. V. WILLIAM TOTTY.

#### No. 2793.

**1. Fraudulent Sale of Goods—Charge of Court.**—See opinion for a charge of the court applicable to an issue involving the question of fraudulent sale of merchandise *held* correct, and that there was no error in refusing a charge asked, the tendency of which was to emphasize what had already been stated in the main charge.

**2. Charge of Court.**—A charge referring to acts or declarations in evidence which are referred to in order to make clear the rules of law which limit their effect, is not a charge on the weight of evidence.

**3. Same.**—A charge which states the law applicable to each state of facts which the evidence tends to establish pro and con is always proper, and even if a charge is not strictly applicable to the case made by the evidence, if there is nothing to induce the belief that the jury may have been misled by it, no ground for reversal exists.

**4. Fraudulent Sale.**—A sale of goods made by an insolvent debtor to be paid for on an indefinite credit, or when the purchaser should be able to pay, is fraudulent as to creditors if the purchaser knew of the insolvency, and this without reference to adequacy or inadequacy of price.

**5. Fraudulent Sale.**—The inadequacy of the contract price may be looked to by the jury as a circumstance in determining the question of fraud in the sale.

**6. Sale.**—The mere fact that a purchaser on time knew of the insolvency of the vendor at the time of purchase will not necessarily render the sale fraudulent, but the

absolute liability of the buyer must be fixed by the contract of sale so that the remedies of those claiming an interest in the fund may be enforced.

APPEAL from Houston.  Tried below before Hon. Norman G. Kittrell. The opinion states the case.

*Nunn & Nunn, S. A. Denny*, and *Robert S. Street*, for appellants. — 1. Whether there had been such a transaction between the plaintiff and Campbell as they denominate a sale was a controverted fact involved in the issue to be tried; and it was error to assume the fact of such sale, and to confine the controversy to an inquiry whether the sale thus assumed was valid as against Campbell's pre-existing creditors.  The fact of sale being necessarily involved in the issue, the record need only be looked to to determine whether there was a basis for substantial controversy with respect to it, and whether such aspect of the case was relied upon by the defendants in the court below.

·2.  Error in assuming a contested fact involved in the issue.  Boaz v. Schneider, 69 Texas, 128;  Potter v. Wheat, 53 Texas, 401;  Leach v. Wilson, 68 Texas, 353;  Railway v. Nixon, 52 Texas, 19;  Willis & Bro. v. Whitsitt, 67 Texas, 673;  Whitnett v. Miller, 1 Posey's U. C., 203.

3.  Error in regard to burden of proof.  Clark v. Hills, 67 Texas, 148; Bridge Co. v. Butler, 12 Gray, 132;  Blanchard v. Young, 11 Cush., 345; Spaulding v. Hood, 8 Cush., 605.

4.  Error in the manner of limiting consideration of Campbell's contradictory statements.  Schmick v. Noel, 64 Texas, 408;  1 Greenl. on Ev., sec. 462.

5.  Error in not submitting charge on executory sales requires no citation of authorities.

*Maxey & Davis, A. W. Gregg*, and *T. T. Gammage*, for appellee. — 1. The court in its general charge instructed the jury that the burden of proof was on plaintiff to establish a sale from Campbell to himself, and gave fully the law as to what was necessary to be agreed to to constitute a sale and what was necessary to be done.  Benj. on Sales, 1–3;  Griffin v. Chubb, 7 Texas, 603;  Kinney v. Fort, 10 Texas, 220;  Bangs v. Frirzen, 32 N. W. Rep., 173;  Bank v. Studmen, 37 N. W. Rep., 112;  Boaz v. Schneider, 69 Texas, 128.

2.  The sale to Totty from Campbell was not executory but complete, and possession of goods and control of same complete, for a consideration agreed to by Campbell.

3.  The instructions to the jury given by the trial judge are to be by the jury construed as a whole, and if when so considered as a whole they properly state the law it is sufficient, and it is considered in connection with the issues and the evidence.  Rosenthal, Meyer & Co. v. Middle-

brook, 63 Texas, 333; Norvell v. Oury, 13 Texas, 32; Hubbell v. Stokes, 22 Texas, 220; Peterson v. Binco, 39 N. W. Rep., 485; Campbell v. Holland, 35 N. W. Rep., 871.

4. The burden of proving fraud is upon the party who alleges it, and this must be done by a preponderance of evidence. The defendants having alleged that the sale by Campbell to Totty, if any was made, was with the intent to hinder, delay, or defraud the creditors of Campbell, and plaintiffs as one of such creditors, it was proper for the court to charge that the burden of proof of this allegation was upon the plaintiffs. Sack. on Inst. to Juries, sec. 25; Wait on Fraud. Con., 2 ed., secs. 6, 271, 199; Bump. on Fraud. Con., p. 358; Shaw v. Waterhouse, 8 Atl. Rep., 829.

5. The burden of proof remains on the party affirming a fact in support of his case, and does not change in any aspect of the case, though in the progress of the trial the weight of the evidence may shift from side to side; and this rule applies to the defendants when they plead affirmatively a fact in their defense. Clark v. Hills, 67 Texas, 148.

6. If Campbell was in debt to Blum or to Hollingsworth at the time of sale to Totty, and plaintiff agreed to pay such debt, such would constitute in law a good consideration for the sale to plaintiff, if the sale was made in good faith. Sack. on Inst. to Juries, sec. 16; Bump. on Fraud. Con., 44; Nilson v. Smith, 28 Ill., 495; Warner v. Carlton, 22 Ill., 415.

7. Where sale is absolute and unconditional the fact that the vendor was in debt at the time, and the further fact that the sale was made on credit, will not establish fraud in such sale as against his creditors. Sack. on Inst. to Juries, sec. 19; Miller v. Kirby, 74 Ill., 242.

STAYTON, CHIEF JUSTICE.—Appellant firm, being creditors of W. H. Campbell, caused writ of attachment to be levied on a stock of goods claimed by appellee, which was sold to satisfy the debt due by Campbell. The goods belonged to Campbell prior to July, 1887, at which time appellee claims to have bought them.

This action was brought by appellee to recover damages for the seizure and conversion of the goods; and the issues were:

1. Did Campbell sell the goods to Totty, as claimed?

2. Was that sale fraudulent as to creditors of Campbell?

There was much and it may be said conflicting evidence on the last question, but on the first the evidence all tended to show that a sale was made, though fraudulent it may have been.

The first assignment of error is: "In the second paragraph of the charge the court improperly limits the defense to the issue of a fraudulent sale, when it was denied that any sale had ever been made, and there was strong circumstantial evidence tending to support such defense, and

this error is repeated and perpetuated in succeeding parts of the charge without mitigation or correction."

The ninth assignment is: "The court erred in refusing defendants' special charge placing the burden of proof to show a sale as contended for on the plaintiff; and especially has the court erred in assuming as proved beyond dispute that there was an actual sale because Campbell and Totty say so, when all the independent facts and circumstances attending upon the parties and subject matter, upon which defendants relied, contradicted them."

So much of the charge of the court as has bearing on these assignments is as follows:

"1. The plaintiff, William Totty, alleges that he was the owner of the goods described in his petition, and that defendants seized and converted them to their own use, and these allegations he is required to prove by the preponderance of evidence—that is, by the greater weight and degree of credible evidence.

"2. The defendants, S. Jacobs, Bernheim & Co., who were creditors of Campbell, allege that the goods were not Totty's property, because the sale made by Campbell to him was fraudulent in law, being, as they aver, made with the intent to hinder, delay, or defraud Campbell's creditors, and that therefore it conveyed no title, but was void. This allegation of fraudulent sale the defendants are required to establish to your satisfaction by a preponderance of evidence in like manner as plaintiff is required to show ownership by him and conversion by defendants as instructed in the preceding paragraph.

"3. It is admitted that for some time prior to July, 1887, Totty was conducting for Campbell a cash store in Grapeland in the name of him (Totty), and he claims to have bought the stock of goods in said store from Campbell by purchase for a valuable consideration; while the defendants deny that there was any such purchase, and aver that if there was anything in the nature of a sale it was invalid, and in law fraudulent and void.

"4. Whether there was any sale by Campbell to Totty, and if so, whether the same was legal and valid, or was fraudulent and void, is a question of fact for you to decide under the rules of law laid down in this charge.

"5. The law you will receive in the charge and be governed thereby; of the facts proved, the weight of the evidence, and the credibility of the witnesses you are the sole and exclusive judges.

"6. If you believe Campbell agreed to sell and Totty to buy the goods, and that they agreed upon a price and terms, and that thereupon Campbell placed Totty in possession of said goods as owner, under and in pursuance of said agreement of sale so entered into between them, and so executed by said delivery of possession, the title to said goods vested in

Totty, and in the absence of what you are hereinafter instructed would constitute fraud in law, said sale was valid."

The first and second paragraphs of the charge, it will be seen, were intended to inform the jury as to the general nature of the claim asserted by each party, and as to the burden of proof resting on each.

There was no pretense that Totty owned the goods otherwise than through a purchase from Campbell, and in view of that fact the first paragraph must be understood to inform the jury that the burden of proving a sale from Campbell to himself rested upon him.

The second, in effect, repeats this, for unless such a sale was shown the jury could not have come to the conclusion that Totty was owner, a fact which they were more than once told it was necessary for him to establish to entitle him to recover.

The third, fourth, fifth, and sixth paragraphs certainly gave the jury to understand that sale or no by Campbell to Totty was a vital issue in the case, on which they were required to pass.

The jury in another paragraph were told to look to the entire charge, and in addition to the paragraphs set out there were many from which the jury could not have understood that it was not their duty to determine whether a sale had in fact been made by Campbell to Totty, as well as to inquire whether, under other paragraphs, such a sale was fraudulent as to Campbell's creditors.

The court having instructed the jury correctly as to the burden of proof, did not err in refusing to repeat this at request of counsel for appellants.

The court in one paragraph gave the following:

"17.    Concerning the evidence admitted of Campbell's acts or declarations made after the sale to Totty, if you find such sale was made, you are instructed that no such acts or declarations of Campbell made after such sale will be considered by you as evidence to show fraud on the part of the plaintiff, but you may consider the same in determining the question of the intent and purpose of Campbell in making such sale; and if you find it was made with such purpose and intent and under such circumstances as you are told would render it fraudulent in law on Campbell's part, you will then inquire whether Totty had such actual knowledge of the facts as were sufficient to put him upon inquiry which would have enabled him by reasonable diligence to have ascertained Campbell's intention, and thereby have rendered the sale also fraudulent in law as to him, Totty."

Which it is insisted was erroneous, in that it was a comment on the weight of evidence, and in that it limited the effect of Campbell's acts and declarations.

We do not see wherein it was a comment on the weight of evidence, and it certainly authorized the jury to consider acts or declarations of Campbell made after the sale to Totty for any purpose for which they

could possibly be considered, and it may be true that such acts or declarations, not done or made in the presence of Totty, ought not to have been considered for any purpose.

We do not understand that the evidence referred to was introduced under the rules which admit declarations or acts made at other times for the purpose of impeaching the credibility of a witness; but had this been so, the charge was not calculated to induce the jury to believe that contradictory statements, if any, made by Campbell, as well as statements testified by others to have been made by him but denied on the stand, might not be considered in determining his credibility, which the charge informed the jury was for their determination. It simply informed the jury that fraud on part of Totty could not be proved by such after acts or declarations.

The court did not err in refusing to give a charge as to what would be the effect of an executory agreement by Campbell to sell to Totty, for there was no evidence tending to show such agreement.

The third assignment of error, in terms, relates to the twelfth paragraph of the charge, to which it has no application whatever, but the eleventh paragraph is doubtless the one in mind of counsel. That paragraph is as follows:

"11. If you believe the sale was made upon the consideration of a certain amount due from Campbell to Totty, and the further consideration of the payment by Totty of certain debts due by Campbell to those from whom the goods had been bought by him, and that such agreement was made in good faith, and that the consideration was fair and reasonable for the goods, then the said sale was made upon what was deemed a valuable consideration in law."

This states the law correctly as applied to a state of facts evidence for appellee tended to establish, and it was not error to give it, although there may have been evidence tending to show a state of facts to which the charge was not applicable. The court evidently intended, as was proper, to inform the jury as to the law applicable to the different phases of the case which the evidence tended to establish.

The charge given at request of appellee stated the law correctly, and though it may not have been strictly applicable to the case made by the evidence, there is no reason to believe that the jury could have been misled by it.

There was evidence tending to show that in consideration for the goods Totty undertook to dischage certain debts incurred by Campbell in the purchase of the goods, and also to pay to Campbell a sum of money which he had expended in their purchase, and that the latter was discharged by a sum of money then due to Totty from Campbell.

There was also some evidence tending to show that the goods were sold

to Totty on a credit, with an understanding that they should be paid for at some indefinite period when it might suit his convenience.

It was also contended that the price Totty was to pay for the goods was less than they were worth, and to meet these states of fact the court gave the following charge:

"If you believe Campbell was not solvent, and did not have assets sufficient to meet his existing debts, but that he was in failing circumstances when he sold the goods to Totty, and that being in such condition he sold the goods for a price largely disproportionate to their value, and upon an indefinite credit—that is, to be paid for when Totty was able—and that Totty knew of Campbell's financial condition, or knew of such facts as were sufficient to put him upon inquiry which would have enabled him by reasonable diligence to have ascertained such condition, then a sale so made under such circumstances was invalid and void in law, and not upon a valuable consideration, and conveyed no title to Totty."

By the words "largely disproportionate to" the court doubtless meant to say "greatly less than," and so understood the charge would not be erroneous.

But it is insisted that this charge was misleading in that it gave the jury to understand that the sale was not fraudulent as to creditors if made under the circumstances given in the charge, unless the goods were sold for greatly less than their value, and also upon an indefinite credit; that the two things must have concurred to make the sale fraudulent as to creditors, although Campbell was insolvent and known to be so by Totty at the time he purchased.

If the goods were sold for an inadequate price, this was a fact which the jury might properly take into consideration in determining the character of the transaction; but if the sale was made on such credit as is referred to in the charge, the transaction would be fraudulent as to creditors of Campbell, if he was insolvent and that fact known to Totty, without reference to whether the price to be paid was adequate.

The effect of such a sale would necessarily be to hinder and delay creditors of Campbell; for if permitted to stand they could not subject the goods to the payment of their claims, and if they proceeded through garnishment against Totty they would be compelled to abide by his contract and await his ability. Such a promise to pay is conditional, and the debtor has no right to place his property beyond the reach of his creditors when insolvent, and known to the buyer to be so, and substitute in the place thereof the conditional obligation of the latter.

The mere fact that an insolvent debtor may sell property on credit, even to one who knows of his insolvency, will not necessarily make the transaction fraudulent, for such a sale may be the very best means to realize on the property; but in such sales the absolute liability of the

buyer ought to be fixed by the contract of sale and he be left subject to all the remedies creditors have in such cases.

Appellants requested a charge which, while not correct in all respects, called the attention of the court to the matter referred to. This the court refused to give on the ground that it had already been substantially given.

This evidences the fact that the judge who tried the cause was of opinion there was evidence requiring the submission of some such issue.

In view of the evidence in the case it is rendered probable that the jury may have been misled by the charge referred to, and for this the judgment will be reversed and cause remanded, which renders it unnecessary to consider the other assignments of error which question the sufficiency of the evidence to sustain the verdict.

It is so ordered.

*Reversed and remanded.*

Delivered February 25, 1890.