Houston East & West Texas Railway Company et al. v. Lutie
Granberry et al.

Delivered May 26, 1897.

### 1. Charge of Court—Weight of Evidence.

A charge which merely declares the legal effect of uncontradicted evidence, leaving it to the jury to determine whether the facts be true, is not on the weight of evidence.

### 2. Partnership—Evidence of—Charge.

Where a partnership between two railway companies in the telegraph business is shown by evidence of general facts connecting the two companies in their business affairs, a charge is properly refused which makes their liability as partners dependent on the sharing of profits arising from the transmission of the telegram in suit.

### 3. Damages—Erroneous Charge as to Amount.

In an action for unliquidated damages in a stated amount for nondelivery of a telegram, a charge that, if negligence of the defendant is proved "plaintiff is entitled to recover the damage she sues for," is error, as depriving the jury of the privilege of fixing the amount of damages at less than the sum sued for.

### 4. Venue—Waiver of Privilege.

Where a nonresident corporation, as defendant, moved to quash a citation, and agreed to two continuances, this was a waiver of its right to be sued only in the county where it had an agent.

### 5. Practice on Appeal—Cost of Improper Transcript.

Where, in violation of the rules, the transcript is so prepared as to include a large amount of superfluous matter, the cost thereof will be taxed against the appellant, even though the judgment be reversed.

Appeal from Angelina.    Tried below before Hon. Tom C. Davis.

*W. H. Wilson, Baker, Botts, Baker & Lovett,* for appellants.—1. A' charge of the court which, by calling the attention of the jury to certain details of the evidence, gives undue prominence to these details, is an invasion of the province of the jury. Rev. Stats. 1895, art. 1317; Dunkard v. Ingraham, 21 Texas, 651; Rathman v. Hoffman, 58 Texas, 554; Mayo v. Tudor's Heirs, 74 Texas, 474; Railway v. Hodde, 42 Texas, 470; Holdt v. Webster, 60 Texas, 209; Campbell v. Trimble, 75 Texas, 271.

2. The court should not direct special attention to parts of the evidence. Wood v. Chambers, 20 Texas, 253; Duffel v. Noble, 14 Texas, 655; Dawson v. Sparks, 1 Posey's U. C., 757; Breeden v. Gann, Id., 655; Randle v. Gill, 77 Texas, 355; Railway v. Kutac, 76 Texas, 478.

3. A charge instructing the jury that plaintiff was entitled to recover the damages she sues for was on the weight of the evidence, and practically instructed the jury to return the verdict for plaintiff for full amount of her claim.

4. A foreign corporation doing business in Texas, and having an agent, agency, or representative in one county in the State, and in no other, on pleading its privilege to be sued in that county, is entitled to be sued in that county, and in that county alone. Act March 31, 1885, Acts 1885, p. 79; Railway v. Whitley, 77 Texas, 129; Railway v. Blount, 3 Texas Civ. App., 282; Fiebleman v. Edwards, 69 Texas, 337; Railway v. Adams, 4 Willson's C. C., sec. 12; Keener v. Duff, 66 Texas, 185; Caldwell

v. Lankin, 33 S. W. Rep., 317; Lindeheim v. Davis, 2 Willson's C. C., 108; Robinson v. Schmidt, 48 Texas, 13; Haygood v. Deal, 43 Texas, 625.

*Mantooth & Townsend, De Graffenried, Young & Stinchcomb,* and *M. R. Geer,* for appellees.—1. It is not error to charge the legal effect of admitted facts, consequently where the admitted facts show partnership, or a joint liability, it is not error to charge the jury that if they should find such facts what the legal effect would be, and it is not a charge upon the weight of the evidence.

2. Where two railway companies, by an agreement entered into, jointly operate their roads, and make division of their business, it constitutes a partnership as far as liability to third persons is concerned, it matters not how the division is made. Howe v. Gibson, 22 S. W. Rep., 826; Howe v. Oliver, 22 S. W. Rep., 828; Burk v. Railway, 8 Am. and Eng. Ry. Cas., 552; Beauregard v. Case, 91 U. S., 134; Willis v. Simmonds, 51 How. (N. Y.), 48; Hills v. Bailey, 27 Vt., 548; Somerby v. Buntin, 118 Mass., 279; Ward v. Thompson, 22 How. (U. S.), 330; Munford v. Nicoll, 20 Johns., 611; Gillbank v. Stephenson, 31 Wis., 592.

3. It is not error to instruct the jury that in estimating damages they are not to find an amount exceeding the amount claimed in the petition, but it is proper if it is not given undue prominence. Railway v. Bennett, 80 Texas, 536; Eddy v. Still, 22 S. W. Rep., 525; 3 Texas Civ. App., 346; Railway v. Stewart, 20 S. W. Rep., 962; 1 Texas Civ. App., 642.

4. When a defendant not amenable to the jurisdiction of a court of this State files a motion to quash the citation served upon it, it thereby waives its right to plead its plea of privilege and enters its appearance to the next term of the court. Rev. Stats. 1895, art. 1243; York v. State, 73 Texas, 651; Cunningham v. State, 11 S. W. Rep., 871; Railway v. Morris, 68 Texas, 49; Ins. Co. v. Hanna, 81 Texas, 487; Railway v. Brett, 61 Texas 487; Keener v. Duff, 66 Texas, 185; Sam v. Hochstadler, 76 Texas, 162; Feibleman v. Edmonds, 69 Texas, 334.

FLY, ASSOCIATE JUSTICE.—Mrs. Granberry instituted suit against the Western Union Telegraph Company, the Houston & Shreveport Railroad Company, and the Houston East & West Texas Railway Company, for the recovery of $1995 damages alleged to have accrued by reason of failure to promptly transmit and deliver a telegram conveying to her intelligence of the illness of her husband. It was alleged that the railway companies owned telegraph lines and were partners, the facts being fully pleaded which show that they were associated in business as partners, The cause was tried with a jury, and resulted in a verdict for Mrs. Granberry as against the railway companies, but in favor of the Western Union Telegraph Company. No negligence was shown as to the Western Union Telegraph Company.

The court gave the following charge: "Mrs. Granberry pleads that two of the defendants, the Houston East & West Texas Railway Company and the Houston & Shreveport Railway Company, are partners, and each

liable for the negligence of the other.   This partnership is denied under oath by said two named defendants.   The general rule is that the defendants would not be liable except each for injuries occurring on its own line; but if there was a partnership between the two defendants, or if either of said defendant companies owned, operated, leased, contracted, or dominated the other, or if there was an agreement between said companies that they were to be operated by the same persons, having their offices at the same place and under an agreement to divide the profits, and that the railroad and telegraph line was one continuous line, then each company would be liable to the plaintiff, without any regard to which line or on which line the negligence, if any, occurred.

"Now if you believe from the evidence that the Houston East & West Texas and the Houston & Shreveport Railway Companies, as railways and telegraph companies, on April 14, 15, and 16, 1894, were continuous lines on either railways or telegraph companies for the public for hire as to either railway or telegraph business from Shreveport, La., to Houston, Texas, and that said companies, as either telegraph or railway companies, run through trains without change of crews, cars, or servants, or transmitted telegraph messages without any change, break, or repeating thereof at Logansport, and if you believe from the evidence that the agents, servants, and employes of the Houston East & West Texas Railway Company or the Houston & Shreveport Railway Company acted for and served the other company, or that moneys, the receipts for either passengers or freight or telegraph, charged, collected, or earned in Louisiana, were sent to the agent of the Houston East & West Texas Railway Company, or to the agent of said company, who was at the time acting for and was employed by the Houston & Shreveport Railway Company and the Houston East & West Texas Railway Company at Houston in the same capacity for both companies; and if you further believe from the evidence that the two companies were operated or conducted by the same agents, servants, and employers or officers, and that all moneys received by through business on said railway and telegraph lines were sent to and put into the common fund, and at stated periods said companies, by and through the same officers, agents, servants, or employes, settled with each other, and thereby each of said companies, the Houston East & West Texas and the Houston & Shreveport Companies, received its pro rata part of said money so earned or had, and you further believe from the evidence that any officer of either company had the right to employ or discharge the employes of or on the other line or company, and if you further believe that the railway or telegraph line from Shreveport to Houston was operated as one line by the same general manager, officers, or employes throughout, with the general offices of both companies at Houston, Texas, then I charge you, if you so believe and find from the evidence, that in law this would make each company liable for the acts of the other company, without regard to which company was actually negligent, if either was so negligent."

The above instruction is attacked on the ground that it is upon the weight of the testimony, and that it gives undue prominence to certain

details of the evidence. All of the facts bearing upon the question of joint liability of the two railroad companies were uncontradicted. The charge informs the jury that if the facts were proved, they established a joint liability. It is not contended by appellants that they do not, but that to enumerate them was a charge on the weight of the testimony. No point mentioned in the charge was assumed to have been proved, but each one is left for the jury to find, and then they are told if all the facts are found to be true, joint liability had been established. Every point bearing upon the question of joint liability was presented in the charge, and proof of all of them was made essential to establish such liability. The charge merely declared the legal effect of uncontradicted evidence. Jacobs v. Totty, 76 Texas, 343; Anderson v. Martindale, 61 Texas, 188.

Partnership was properly defined by the court, and there was no error in refusing to give the definition asked by appellants. The charge asked by appellants was not correct, in that it made partnership between the roads hinge on the sharing of profits arising from transmitting the telegram to Mrs. Granberry. The partnership did not depend on this fact alone, but upon the general facts connecting the two parties in their business affairs.

It was not error to permit the witness Carter, who had for a number of years worked for the two railroad companies, to testify that the two lines of railway and telegraph were operated by the Houston East & West Texas Railway Company. He swore to a fact that was substantially testified to by all the witnesses on the subject.

The court gave the following charge: "The defendant the Houston & Shreveport Railroad Company pleads that the damages sued for could not be recovered by the plaintiff in the courts of Louisiana, as the negligence, if any, occurred in that State. On this point I charge you that the plaintiff is entitled to recover the damage she sues for under the laws of Louisiana. If you find from the evidence that the Louisiana corporation, the Houston Railroad Company, was guilty of such negligence in the transmission or delivery of said telegram as would, under the charge and the evidence, show said Houston & Shreveport Railroad Company to be liable." We take it for granted that the paragraph should be punctuated so as to make one sentence of the last two sentences, and doing so, the objection that there is a peremptory instruction for Mrs. Granberry is avoided. But a more serious error in the charge which presents itself, is the instruction that if negligence upon the part of the Louisiana company was proved, that "the plaintiff is entitled to recover the damages she sues for." Mrs. Granberry sued for $1995, and the jury returned a verdict for that identical sum. The effect of the charge was to deprive them of the privilege of fixing the amount of damages sustained by reason of the negligence. We can not say that the jury could not have returned any different verdict under the evidence. They might have returned a verdict for any sum under the amount sued for. The error is intensified by the court in another portion of the charge calling attention to the amount sued for.

We need not enter into discussion of the question of the right of the Louisiana company to be sued only in the county where it had an agent. If it was jointly liable with its Texas associate, as alleged, it could be sued wherever the latter could be sued, and if this were not true, it has by its acts waived its privilege. The Louisiana corporation made a motion to quash the citation, and agreed to two continuances. This amounted to a waiver of the plea of privilege. Blum v. Strong, 71 Texas, 322.

There is nothing in the record that indicates that there is any law in Louisiana which forbids the recovery of damages for mental anguish for failure to deliver a telegraphic message. We do not think the case of the Mexican National Railroad Company v. Jackson, 33 Southwestern Reporter, 857, can have any application to this case. If negligence is shown in the delivery of the telegram by the Houston & Shreveport Railroad Company, and Mrs. Granberry was thereby damaged, and the Louisiana corporation is so associated with the Texas corporation as to make them jointly liable, the District Court of Angelina County has jurisdiction of the suit.

There is no merit in any of the other assignments of error.

We detect no error in the judgment as to the Western Union Telegraph Company, and as to it the judgment will be affirmed, but for the error in the charge hereinbefore indicated, the judgment as to appellants will be reversed and remanded.

The record in this case contains 412 badly written pages, which have been arranged with an utter disregard of rules or systematic preparation. Petitions and answers that had been displaced by amended pleadings are copied, and cover many pages of the record, there being no point raised in connection with them. Over 100 pages are covered with thirty-two bills of exception, only ten of which are mentioned in the brief. One hundred and forty-five pages are set apart to eighty-five assignments of error, only thirty-four of which are mentioned in the brief. We believe that parties in preparing for an appeal should be required to have some regard for the rights of their opponents, and should not be permitted to incumber the record with unnecessary matter and thereby entail additional costs. The bill of costs shows that the cost of the transcript was $147.50, and it is the order of the court that one-half the amount paid for the transcript be taxed against appellants.

*Reversed and remanded.*