LINDLEY et al. v. MERCHANTS' & FARMERS' STATE BANK et al.    (No. 6722.)

(Court of Civil Appeals of Texas. Austin. Feb. 20, 1924.)

1. Appeal and error ⊕═87(5½)—Abuse of discretion in continuing pleas of privilege until subsequent term not reviewable.

Abuse of trial court's discretion in continuing pleas of privilege until subsequent term is not reviewable by appeal, but only by mandamus, if at all.

2. Pleading ⊕═110—Delay caused by defendant in having plea of privilege heard waives plea.

Any substantial delay caused by defendant in having plea of privilege heard, other than for purpose of preparing for trial on plea itself, as by obtaining continuance by grant of motion to quash citation (Rev. St. art. 1883), constitutes waiver of plea.

3. Pleading ⊕═110 — Invoking jurisdiction on merits before hearing on plea of privilege waives plea.

Defendant invoking court's jurisdiction on merits before plea of privilege is heard, by seeking and obtaining rulings on demurrers or exceptions to petition, waives plea.

4. Pleading ⊕═111—Burden on plaintiff to show waiver of plea of privilege by matters transpiring before hearing and ruling thereon.

Burden is on plaintiff, at least prima facie, to show waiver of plea of privilege by matters transpiring before hearing and ruling thereon.

5. Appeal and error ⊕═449—Notice of appeal from order overruling plea of privilege does not suspend action on merits.

Notice of appeal from order overruling plea of privilege does not suspend action in case on merits.

⊕═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**6. Appearance ⟨⟩24(1)—Motion to quash citation without merit after plea of privilege.**

Motion to quash citation was without merit, where defendant was in court for all purposes by virtue of having filed plea of privilege.

**7. Pleading ⟨⟩111 — After plea of privilege, plaintiff must allege and prove exception authorizing suit in county in which brought.**

Where defendant files plea of privilege denying generally existence of any statutory exception authorizing suit against him other than in county of his residence, burden is on plaintiff to allege and prove existence of one or more exceptions authorizing suit in county in which brought.

**8. Venue ⟨⟩8—Defendant held not subject to suit outside county of residence by virtue of representations by another.**

Party sought to be held for fraudulent representations by agents of company, with which he had severed connection long before, on ground that such agents were duly authorized to represent him, *held* not subject to suit in county other than that of his residence, especially in absence of evidence of plaintiffs' reliance on his actual or apparent connection with concern.

Appeal from District Court, Bastrop County; R. J. Alexander, Judge.

Action by the La Coste National Bank against the Merchants' & Farmers' State Bank, in which the Sellstrom Hardware Company, for itself and others, intervened, impleading R. D. Lindley and others. From interlocutory orders overruling and continuing pleas of privilege, defendant Lindley and other impleaded defendants appeal. Judgment reversed and rendered, and cause transferred as to defendant Lindley, and other appeals dismissed.

Thomas, Frank, Milam & Touchstone, of Dallas (D. A. Frank and Hobert Price, both of Dallas, of counsel), for appellants.

Maynard & Maynard, of Bastrop, Hart & Patterson, of Austin, and C. W. Webb, of Elgin, for appellees.

McCLENDON, C. J. This appeal is from an interlocutory order overruling a plea of privilege filed by Dr. R. D. Lindley, in which he sought to have the cause removed as to him to Dallas county, where he resided.

[1] John W. Philp, F. R. Friend, W. H. Browning, Jr., R. S. Carmichael, and Ira J. Russell joined in the appeal, asserting that the trial court committed error in refusing to hear pleas of privilege filed by them, and in continuing such pleas to the next term of court without prejudice. In so far as the appeal of these latter appellants is concerned, it should be dismissed, for the reason that the order continuing their pleas of privilege was not one from which an appeal will lie. The trial court had the discretion to con-tinue the pleas until a subsequent term of court. Any abuse of that discretion was not reviewable by appeal, but, if at all, by mandamus.

The original suit was filed December 26, 1921, by La Coste National Bank against Merchants' & Farmers' State Bank, upon three noninterest-bearing certificates of deposit, which had been executed by the latter bank in favor of Planters' Bonded Warehouse Company, and by such company indorsed to the La Coste Bank. On January 10, 1922, Sellstrom Hardware Company, on behalf of itself and about two hundred others similarly situated, intervened, claiming an interest in the fund. They also impleaded Dr. Lindley and his coappellants. As the case in its present aspects involves only the right of the hardware company and those similarly situated to maintain jurisdiction of the case as to Dr. Lindley, in Bastrop county, we will refer to the interveners hardware company et al. as plaintiffs, and Dr. Lindley and his coappellants as defendants.

The grounds of recovery against defendants will be given below, in connection with the opposition filed by plaintiffs to the plea of privilege. The latter plea was filed by Dr. Lindley on June 19, 1922, and is in general statutory form, denying that any of the exceptions exist which would authorize suit to be brought against him in any county other than that of his residence. No other pleadings were filed by him until February 13, 1923.

On July 14, 1922, plaintiffs filed a sworn answer or contest to this plea of privilege, in which they alleged various acts of fraud committed by agents of defendants in Bastrop county, entitling them, as they alleged, to a personal judgment against defendants. The allegations of this answer are somewhat prolix, and for our present purposes may be summarized as follows:

That defendants had associated themselves together under the name of Planters' Bonded Warehouse Company, to further a scheme to defraud and cheat plaintiffs and others; had caused to be executed, on October 1, 1920, a declaration of trust, and had employed various agents to represent said company, giving them credentials upon letterheads showing that the company had a capital of $1,000,000; that John W. Philp was chairman of the board, and the other defendants its directors; that during the spring and summer of 1921 defendants' agents, acting under their authority, had secured subscriptions to stock to said concern from the various plaintiffs in amounts stated in an exhibit to the petition, under representations that the money would be deposited in bank and not used except for the purpose of erecting a warehouse at Elgin, Tex.; that it was never intended to carry out these representations, but that they were fraudulently made

for the purpose of obtaining money from plaintiffs.

The plea of privilege was heard and overruled on February 13, 1923, and notice of appeal given.

Upon the hearing Dr. Lindley testified that he had never had any connection with the Planters' Bonded Warehouse Company; was not a stockholder or otherwise interested, and had never authorized any one to use his name in connection therewith; that about December 21, 1920, he learned that his name was being used in connection with the concern, and he went at once to the office of A. O. Sarvis, who was referred to in some of the agents' credentials as trustee, and who appears to have been the general manager of the company, and objected to any use of his name in this connection; and that he was then told by Sarvis that he would not use his name any more; that later, on March 1, 1921, Sarvis wrote him a letter, which was introduced in evidence, and reads:

"This will acknowledge receipt of your resignation from the organization committee of the Planters' Bonded Warehouse Company, December 21, 1920. Owing to the fact that the writer has been out of town most of the time, have neglected acknowledging receipt of same before now."

This letter was signed by Planters' Bonded Warehouse Company, by A. O. Sarvis, Trustee.

Dr. Lindley denied having any knowledge whatever of the operations of Sarvis or the company in Bastrop county; or that he knew that any one had been sent there; that he authorized any one to go to Bastrop county representing him; and generally denied authority of any one to use his name in connection with the concern.

Sarvis testified that he did have authority from Dr. Lindley to use his name in connection with the organization of the company or trust, but stated that Dr. Lindley had come to him on December 21, 1920, and resigned and severed his connections therewith, and the letter of March 1st was written in confirmation of this resignation.

The evidence was sufficient to establish the representations alleged to have been made by the agents of the company; that they were falsely and fraudulently made and relied upon by plaintiffs to their detriment. The evidence showed, however, that these representations were made in the spring or summer of 1921, long after Dr. Lindley had severed his connection with the company, if in fact he was ever connected with it.

On the same day this plea was heard, February 13, 1923, the following pleadings were filed by defendants and orders entered thereon by the court: Motion to quash citation upon defendants, and order overruling it; motion to sever intervention from original suit and dismiss intervention, and order overruling it; answer to the merits containing general demurrer and various special exceptions, and order overruling demurrer and exceptions; motion ruling plaintiffs for costs, and order sustaining it and continuing the case upon plaintiffs' request to the next term of court. The motion to sever and dismiss and the answer to the merits each recited that it was filed subject to the plea of privilege.

Appellees contend that the plea of privilege was waived by each of the following acts of the defendants: Filing motion to quash citation; filing and obtaining ruling upon motion to sever and dismiss plaintiffs' plea of intervention; invoking the court's action upon demurrer and exceptions to the merits of the case; and ruling plaintiff for costs.

[2] Whether the mere filing of a motion to quash citation, which is overruled, operates as a waiver of a plea of privilege may be questioned. It is undoubtedly the rule that a defendant filing a plea of privilege is in duty bound to facilitate its prompt determination, and any substantial delay caused by him in having the plea heard, other than for the purpose of getting ready for trial upon the plea itself, will constitute a waiver. The only purpose which an order quashing a citation could have would be to obtain a continuance, as our statute provides that, where such motion is granted, the defendant shall be deemed to have entered his appearance to the succeeding term of the court. R. S. article 1883. It would, therefore, seem that, where a motion to quash the citation has been granted, and a continuance thereby obtained upon the plea of privilege, the defendant should be held to have waived the plea. See Railway v. Granberry, 16 Tex. Civ. App. 391, 40 S. W. 1062.

[3] Aside from this, however, it is perfectly clear that, where, before a plea is heard, the defendant invokes the jurisdiction of the court upon the merits of the case by seeking and obtaining a ruling upon demurrers or exceptions to plaintiffs' petition, this will constitute a waiver of the plea. It has also been held that ruling the plaintiff for costs and thereby continuing the case constitutes a waiver.

[4] There is nothing, however, in the record to show that any of these matters contended as constituting a waiver transpired before the court heard and ruled upon the plea of privilege. They all took place upon the same day; and, in view of the fact that the court heard evidence upon the plea of privilege and apparently decided it upon its merits, and that no suggestion was made in the trial court that there had been a waiver, we ought to presume, we think, that the matters contended for as constituting a waiver took place after the plea was heard and determined. The burden rested upon the

plaintiff, at least prima facie, to show that the plea was waived; and, where there is nothing in the record to indicate that any of these matters took place before hearing and ruling upon the plea, this burden is not met. Sparks v. Taylor, 99 Tex. 411, 90 S. W. 485, 6 L. R. A. (N. S.) 381.

[5, 6] Notice of appeal from an order overruling a plea of privilege does not suspend action in the case upon its merits pending such appeal. The court had the power to require the parties to go to trial, and defendant could interpose any matter, dilatory or otherwise, which would operate to his advantage, without affecting the pending appeal. The record seems to indicate that defendant was seeking to have the case continued on its merits, and was finally successful under the rule for costs. The motion to quash the citation was manifestly without merit, because defendant was in court for all purposes by virtue of having filed the plea of privilege, and it was immaterial whether he had ever been cited at all. Its only purpose, of which we can conceive, was to obtain a continuance on the merits upon the mistaken conception of counsel that his client was in court only on the plea of privilege. However that may be, the plea was not waived by any of the proceedings which followed the order overruling it.

The case of Martin v. Kieschnick (Tex. Com. App.) 231 S. W. 330, which appellees cite, has no application to our present inquiry. There, as shown by the Commission's opinion, the trial court sustained defendant's plea of privilege, and thereafter sustained a general demurrer to the petition and dismissed the case. We read from the opinion:

"Had the court merely sustained the plea in abatement and taken no action upon the general demurrer, it would not have dismissed the cause of action, but would have transferred it to Crockett county, as required by article 1833, Revised Civil Statutes 1911. Hickman v. Swain et al., 106 Tex. 431, 167 S. W. 209. This act of the court, acquiesced in by plaintiff in error Johnigan, was tantamount to a waiver by him of his privilege to have the cause of action determined in Crockett county."

If the plea has been overruled, instead of sustained, an entirely different question would have been presented.

Appellees' counterpropositions asserting waiver are overruled.

[7] Passing to the merits of the plea, we have reached the conclusion that the trial court was in error in overruling it, and that it should be sustained. It seems to be well settled under our present practice that, where the defendant has filed a plea of privilege denying generally the existence of any of the statutory exceptions authorizing suit against him other than in the county of his residence, the burden is cast upon the plaintiff both to allege and prove the existence of some one or more of the exceptions authorizing suit in the county in which it is brought. Coalson v. Holmes, 111 Tex. 502; Oil Mills v. Shoemake (Tex. Civ. App.) 254 S. W. 385.

[8] The answer to the plea sets up as the only ground of jurisdiction against Dr. Lindley in Bastrop county certain fraudulent representations alleged to have been made in that county by his duly authorized agents in the spring or summer of 1921, long after Dr. Lindley had severed whatever connection he may have had with the Planters' Bonded Warehouse Company. It is clear from the proof made that this allegation of fraud by duly authorized agents of Dr. Lindley is not sustained.

If it had been sought to hold Dr. Lindley for the representations of the agents of the company on account of their apparent authority to bind him, by reason of his failure to give proper notification to the public of severing his connection with the company, a different question might arise. See Morgan v. Harper (Tex. Com. App.) 236 S. W. 71. A careful reading of the entire answer to the plea will disclose that Dr. Lindley is sought to be held by virtue of fraudulent acts and representations of parties who are claimed to have been his agents in fact, duly authorized to represent him. And besides, the evidence fails to disclose that there was any reliance whatever by the plaintiffs upon the fact that Dr. Lindley's name appeared on the letterheads on which the credentials of the agents were written, or that these credentials or letterheads were ever exhibited to them, or used in connection with inducing them to act in the premises, or that they ever knew of such letterheads or credentials, or of Dr. Lindley's connection with the concern, whether actual or apparent.

Under this state of the pleading and the proof thereon we must conclude that the trial court had no alternative but to sustain the plea and transfer the cause to the district court of Dallas county.

The judgment of the trial court overruling Dr. Lindley's plea of privilege is reversed, and judgment is here rendered sustaining said plea and transferring the cause as to Dr. Lindley to the district court of Dallas county. The appeal as to John W. Philp, F. R. Friend, W. H. Browning, Jr., R. S. Carmichael, and Ira J. Russell is hereby dismissed.

Reversed and rendered in part; in part dismissed.