ST. LOUIS, ARKANSAS & TEXAS RAILWAY COMPANY v. E. A. WHITLEY.

No. 6434.

1. **Citation Against Nonresident—Case Adhered to.**—York v. The State, 73 Texas, 651, adhered to. An appearance in the courts of this State by a nonresident defendant served with citation outside of the State, even though such appearance be expressly declared to be limited to the sole purpose of urging a plea to the jurisdiction of the court over his person, is a waiver of his immunity from the jurisdiction of the courts of this State by reason of his nonresidence.

2. **Rules of Pleading—Construction.**— Each plea must be tested by its own averments, and it is immaterial that it may be inconsistent with and contradicted by averments in other pleas.

3. **Construction of Plea.**—In the absence of an averment contradicting it the fair inference from an allegation that the defendant railway company had a local agent in Bowie County would be that it was doing business in that county.

4. **Venue in Suits Against Nonresident Corporation.**—If a nonresident corporation carries on business in the State the venue in suits against it is fixed by statute in any county where such company may have an agency, and not in any other county.

5.  **Appearance.**—The appearance to object to the constructive service does not waive the right to claim that the suit should be prosecuted in the proper county.

6.  **Appearance.**—The appearance merely to object to the legal effect of constructive service of citation would not subject the defendant to a trial at the first term of the court after such service.

APPEAL from Grayson.  Tried below before Hon. H. O. Head.
The opinion contains a statement of the case.

*Bryant & Dillard,* for appellant. — 1.  The court erred in overruling this defendant's first plea to the jurisdiction and in retaining jurisdiction of this defendant; for said plea was on its face sufficient, was by the evidence sustained, was filed in due order of pleading, and duly and regularly urged and insisted upon, and was in all things sufficient, and showed a total want of jurisdiction in the District Court of Grayson County to try this cause over this defendant's objection, and should have been sustained by the court.

This defendant being at the time of the institution of this suit and continuously since then a nonresident corporation, carrying on its business wholly without the State of Texas, and operating and controlling and managing no road or part of a road therein, and being brought into this court only by substituted service, and a personal judgment being sought against it, this defendant appeared *in limine* and duly objected to said service, and at the same time pleaded fully all the facts negativing any right in this court to retain jurisdiction of it, and supported said plea by the evidence.  The court erred in further retaining jurisdiction of this defendant and in rendering judgment against it.  Feibleman v. Edmonds, 69 Texas, 334; Osborne v. Barnett, W. & W. Cond. Cases, sec. 129; Pennoyer v. Neff, 95 U. S., 714; Harkness v. Hyde, 98 U. S., 476; Brooklyn v. Ins. Co., 99 U. S., 370; Freeman v. Alderson, 119 U. S., 185; Belcher v. Kelley, 53 Cal., 635; Bartlett v. Spicer, 75 N. Y., 534.

2.  The St. Louis, Arkansas & Texas Railway Company in Arkansas and Missouri was a foreign corporation, carrying on its business without the State of Texas, but it connected with a Texas corporation, and had within Texas at the place of connection an office and an agent.  If it could be sued at all within the State of Texas, especially by a nonresident of the State of Texas, the only place for such suit would be the county where such office and agency were situated.  Acts 1885, p. 79, ch. 83; Acts 1887, p. 6, ch. 8.

*W. W. Wilkins,* for appellee.—1.  The several pleas to the jurisdiction were founded on the following facts as alleged in the said pleas and found to be true by the court:

(1)  That appellant was served with notice and copy of petition with-

out the State, service of same being had upon its president in the State of Missouri.

(2)   That it was a foreign corporation, doing business wholly without the State, not owning or operating a railroad within Grayson County or in the State, and not owning any property in Grayson County or in the State except in Bowie County.

(3)   That it had no office, station, or agent in Grayson County or in the State, except in Bowie County, where it did have an agent.

(4)   That appellee was a nonresident of the State, and that her cause of action arose out of the State, and was founded in tort and not in any contract with said corporation.

The purpose of these pleas as stated in them was to except to the service had on said corporation, and to question the jurisdiction of the court. At the same time that these pleas were filed the appellant also pleaded to the merits.   The appellant went to trial on the pleas to the jurisdiction and merits.   Rice, Stix & Co. v. Peteet, 66 Texas, 568; Liles v. Woods, 58 Texas, 416; Pegram v. Owens, 64 Texas, 475; Cons. of U. S., art. 4, sec. 2; Rorer on Interstate Law, 141, 313; Feibleman v. Edmonds, 69 Texas, 334; Pennoyer v. Neff, 5 Otto, 714.

2.   The appellant being a foreign corporation, doing business wholly without the State, could be sued in any county in the State, and having an agent in Bowie County, who was duly served, such service gave the court below jurisdiction of the person of appellant.   Acts 1875, p. 79; Pegram v. Owens, 64 Texas, 475.

ACKER, PRESIDING JUDGE.—Mrs. E. A. Whitley, a resident of the State of Arkansas, brought this suit in the District Court of Grayson County against a corporation styled by her "the St. Louis, Arkansas & Texas Railway Company," upon which two citations issued.   One was served on a local agent in Bowie County, and the other by leaving it at an office in the State of Missouri alleged in the return to be the principal office of the company named.

On June 3, 1887, plaintiff filed an amended petition against two corporations, the St. Louis, Arkansas & Texas Railway Company in Texas, incorporated under the laws of Texas, and the St. Louis, Arkansas & Texas Railway Company in Arkansas and Missouri, incorporated under the laws of the State of Missouri.   It was alleged that one of these corporations was operating the other, or that there was some joint interest between them, and that S. W. Fordyce was the president of both companies.

The suit was brought to recover damages for personal injury alleged to have been received by plaintiff in Monroe County, Arkansas, in consequence of defendant's negligence in failing to keep lights at the depot, which caused plaintiff to fall over a stump in the path to the depot.

Citation issued on the amended petition to the Missouri corporation,

which was served in that State by delivering to S. W. Fordyce, a resident of that State, president of the company. The Texas corporation answered by general demurrer and general and special pleas. The Missouri corporation answered by three pleas to the jurisdiction, and, reserving its rights thereunder, in due order of pleading filed its plea to the merits.

The first two pleas to the jurisdiction presented the grounds that the defendant being a nonresident corporation, owning and controlling no road within the State of Texas, and carrying on its business wholly without the State, and none of its property having been seized by process, and the service being substituted, it was not amenable to the jurisdiction of the court.

The third plea presented the ground that at the time the suit was instituted and at the time of filing the plea the defendant had an office and agent in the county of Bowie, in the State of Texas, and not elsewhere in said State, and that if the courts of Texas could acquire jurisdiction of it at all, it could be only the courts of Bowie County.

The foregoing statement is taken substantially from appellant's brief, which is sustained by the record.

The pleas in abatement were overruled, and the trial without a jury resulted in judgment in favor of the Texas corporation and in favor of plaintiff against the Missouri corporation for $1000.

The court filed findings of fact and of law. The court found the pleas to the jurisdiction "on the ground that the defendant is a nonresident, not good, because at the same time with the filing of said pleas it entered its voluntary appearance in this case by filing its answer to the merits."

The first and fourth assignments relate to the action of the court in overruling the first and second pleas to the jurisdiction, which were put upon the ground that the defendant was a nonresident and that citation was served upon its president in the State of Missouri.

In the case of York v. The State, 73 Texas, 651, it was held that an appearance in the courts of this State by a nonresident defendant served with citation without this State, even though such appearance be expressly declared to be limited to the sole purpose of presenting a plea to the jurisdiction of the court over his person, is a waiver of his immunity from the jurisdiction of the courts of this State by reason of his nonresidence and substituted service without the State, and has the effect to perfect such service. This authority is a conclusive determination against appellant, in so far as it contends that the filing of its plea to the jurisdiction was not such appearance as subjected it to the jurisdiction of the courts of this State; or, more correctly speaking perhaps, as waived its exemption from such jurisdiction by reason of its nonresidence and such substituted service. The only other question presented that we think necessary to consider arises on the action of the court in overruling the third plea, which was put upon the ground that if the defendant was

amenable to the jurisdiction of the courts of Texas at all, it could be only in the county of Bowie, where it had its only local agent and representative in this State.

The court found the third plea "not good, for the reason that it shows on its face that said defendant is not doing business in this State, and therefore does not come within the provisions of the Act of March 31, 1885, and therefore that jurisdiction as to it can be maintained in any county where personal service can be had, or where it may enter its voluntary appearance." The record does not sustain the construction placed by the court on the plea. It was not stated in this plea that the defendant was not doing business in this State, and the fact that the previous pleas each contained such averment could not be considered in determining the sufficiency of this plea. Each plea must be tested by its own averments, and it is immaterial that it may be inconsistent with and contradicted by the averments of other pleas. Rev. Stats., art. 1262; Hillebrant v. Booth, 7 Texas, 499. In the absence of an averment contradicting it, we think the fair inference from the statement that the defendant had a local agent in Bowie County would be that it was doing business in that county; else why keep an agent there?

It appears from the findings of fact that the defendant companies are separate and distinct corporations, operating different lines of road connecting at the line between the States of Arkansas and Texas; that they use a common depot situated about one thousand feet from the State line in Bowie County, where the appellant has its only local agent in the State of Texas, and that appellant's trains are run over the one thousand feet of road between the State line and its depot. These facts, we think, bring the case clearly within the provision of the Act of March 31, 1885, fixing the venue of suits against foreign corporations doing business within this State. Acts 1885, p. 79.

The first pleas questioned the jurisdiction of the courts of the State of Texas in every county; but in raising and presenting the question we have seen that it waived the ground upon which it was predicated and thereby became subject to the jurisdiction of the courts of this State, the appearance having the effect to cure the imperfect service on the defendant in the State of Missouri. Besides this, the appearance had no other effect, and did not deprive the defendant of the right or privilege of being sued in the county where the statute fixes the venue of such suits.

If there had been no question as to the validity of the service on appellant, would its right to plead its privilege of being sued in Bowie County be questioned? We think not. The statute of 1885, *supra*, provides: "That foreign corporations  *  *  *  doing business within this State may be sued  *  *  *  in any county where such company may have an agency or representation." The caption of this statute reads: "An act prescribing and fixing the venue of suits against foreign corporations,"

·etc.   We think the evident intention of the Legislature was to *prescribe* and *fix* the venue of such suits by defining the counties in which they should be brought.   "May be sued" in certain defined counties we understand to mean "may *not* be sued" in any other.

The plea was in the nature of a plea of privilege—more a plea of venue than to the jurisdiction—and we think it should have been sustained. We do not want to be understood as holding that appellant could have been forced to trial without being allowed an intervening term, if it desired it.

Because of the error in overruling the third plea, we are of the opinion that the judgment should be reversed and the cause dismissed.

*Reversed and dismissed.*

Adopted April 29, 1890.