RAY et al. v. W. W. KIMBALL CO.
(No. 8928.)

(Court of Civil Appeals of Texas. Ft. Worth. Nov. 16, 1918.)

1. PLEADING ⊜⇒214(8) — DEMURRER—ADMISSION.

Admission by demurrer is only for purpose of passing upon sufficiency vel non of pleading, and is not an admission of truth of facts upon the merits.

2. PLEADING ⊜⇒221 — OVERRULING OF DEMURRER—PROOF.

After a general demurrer has been overruled, the pleader, to prevail, must establish by competent evidence the facts pleaded on a trial of the issues made.

3. PLEADING ⊜⇒104(2)—PLEA OF PRIVILEGE —OPERATION AND EFFECT.

In suit on notes alleged to have been executed by a defendant authorized to bind the other defendants, to pay notes in Tarrant county, the county of the venue, a sworn plea of privilege under Vernon's Sayles' Ann. Civ. St. 1914, art. 1903, as amended by Acts 35th Leg. c. 176 (Vernon's Ann. Civ. St. Supp. 1918, art. 1903), was tantamount to a sworn denial of such alleged authority of maker to act for other defendants.

---

⊜⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**4. VENUE ☞72—PLEA OF PRIVILEGE—BURDEN OF PROOF.**

In action on notes executed by one alleged to have authority to bind defendants to payment in Tarrant county, where there was a sworn plea of privilege under Vernon's Sayles' Ann. Civ. St. 1914, art. 1903, as amended by Acts 35th Leg. c. 176 (Vernon's Ann. Civ. St. Supp. 1918, art. 1903), and issue joined as to such authority, plaintiff was bound to sustain his claim that defendants had bound themselves to pay notes in county of venue, and without any evidence thereof court was required to sustain plea.

**5. VENUE ☞77 — PLEA OF PRIVILEGE BY PART OF DEFENDANTS—WAIVER BY OTHER DEFENDANTS.**

In suit on notes secured by chattel mortgage, wherein appellants prayed that cause be removed to E. county, that prayer would be taken as waiver by the defendants residing in C. county that cause should be removed to that county, as alleged in their plea of privilege.

Appeal from Tarrant County Court; I. T. Valentine, Judge.

Suit by the W. W. Kimball Company against R. L. Ray and others. Pleas of privilege overruled, and certain defendants appeal. Reversed, and cause remanded, with instructions to transfer the cause to the county court of Eastland county.

Scott & Brelsford, of Eastland, for appellants.

Wiley A. Bell, of Dallas, for appellee.

BUCK, J. W. W. Kimball Company filed suit against John W. Hawkins, the Scranton Academy, and R. L. Ray, W. E. Bradshaw, W. T. Rutherford, Mace Sprawls, Joseph Ray, and J. P. Leveridge, on a series of notes signed by Hawkins, in part payment for a piano sold by Heyer-Mills Piano Company; notes being payable in Tarrant county.

It was alleged that the notes, and the accompanying chattel mortgage to secure said notes, were executed by Hawkins, acting for himself and the Scranton Academy, and that he was authorized to execute the instruments by the other defendants, and that said other defendants ratified and adopted said contract, and that after its purchase the piano had been continuously used by said Scranton Academy, unincorporated, and that the six-named defendants, above mentioned, constituted the executive and managing board of the Academy, and they had the use and benefit of said piano. Plaintiff further alleged it was a purchaser of said notes for value, before maturity, etc.

Sprawls and Joseph Ray filed their sworn plea of privilege to be sued in Callahan county, the county of their residence, and R. L. Ray, Bradshaw, Leveridge, and Rutherford filed their sworn plea of privilege to

be sued in Eastland county. In both pleas of privilege it was alleged:

"That none of the exceptions to exclusive venue in the county of one's residence mentioned in article 1830 or article 2308 of the Revised Statutes exist in said cause."

Plaintiff filed a sworn controverting plea, setting up substantially the facts relied on in the original petition to bind the six defendants and to fix the venue in Tarrant county. Defendants, except J. P. Leveridge, who was alleged to be deceased, and who was subsequently dismissed from the suit, and John W. Hawkins, who failed to answer, filed an answer containing a general demurrer, general denial, and a special denial that they authorized Hawkins to execute the notes and mortgage for them, or that they had exercised any right of ownership over the piano or that they had in any way ratified and adopted the contract made by Hawkins. This plea was not verified. Upon these pleadings, and upon the introduction of the notes and mortgage, the court entered an order and judgment overruling the pleas of privilege. The five defendants, omitting Leveridge, filing said pleas, have appealed.

The court filed findings of fact and conclusions of law. In the "Conclusions of Law" it is said:

### "A. On the Demurrer.

"Plaintiff alleges that the defendants suing out their pleas of privilege authorized and directed John Hawkins to execute the instruments for and on their behalf. The allegations of the petition being taken as proven on demurrer, the defendants became parties to the written instruments sued upon, and became bound thereby as fully as if they had signed them themselves. What one does by another he does by himself. The notes and chattel mortgage are each to be taken as an entirety, and the promise to pay at Ft. Worth is an integral part of the contract, and of the same obligation as the promise to pay the principal, interest, and attorney's fees.

"Article 1830 provides that no person who is an inhabitant of this state shall be sued out of the county in which he has his domicile, except in the following cases: '(5) Where a person has contracted in writing to perform an obligation in any particular county in which case suit may be brought either in such county, or in the county where the defendant has his domicile.' This is taken to mean that the obligation promising payment in a particular county must, for the purpose of venue, be reduced to writing. The term 'obligation' is broader than 'note.' The allegations of plaintiff's controverting plea, and also of plaintiff's petition, show a contract in writing promising payment at Ft. Worth, Tex., and that the contract is the contract of the defendants as undisclosed principals.

### "B. On Trial of the Issue.

"John W. Hawkins having failed to deny any of the allegations of plaintiff's plea, the execu-

---

tion by him of the notes is taken as admitted, and the delivery thereof is presumed. The defendants who filed their pleas of privilege, having failed to deny under oath the allegations of the plaintiff that they authorized and directed said John W. Hawkins to execute the notes for and on their behalf, such authority is taken as admitted by virtue of article 3710 of the Revised Civil Statutes, and this, too, although their names do not appear upon the instrument. The instruments offered in evidence, promised in writing payment at Ft. Worth, Tex., and, under the circumstances, the defendants are held to have contracted in writing to pay the notes in Tarrant county.

"No issue having been tendered impeaching the assignment of the notes, or their delivery, the first is taken as admitted, and the latter is presumed.

"The above and foregoing are the facts I found on the trial of the cause, and the conclusions of law I reached from them."

[1, 2] While the legal effect of a general demurrer is an admission that the facts stated are true, yet such admission is only for the purpose of passing upon the sufficiency vel non of the pleading against which the demurrer is directed, and may not be construed as an admission of the truth of the facts upon the merits. The demurrer to the pleading says, in effect:

"Even though the facts pleaded are true, your petition states no cause of action, or defense."

After the demurrer has been overruled, it still is incumbent upon the pleader, in order to prevail, to establish by competent evidence the facts pleaded. Therefore it follows that defendants in the instant case did not by interposing the demurrer obviate the necessity of plaintiff to prove the facts alleged on a trial of the issues made, nor would the burden of proof be discharged by merely introducing the notes and mortgage. Further proof of the claimed authority in Hawkins to bind the other defendants was necessary, not only to establish plaintiff's right to recover against them, but to establish venue of the suit in Tarrant county. No proof was offered, so far as the record discloses, of such authority on Hawkins' part, or that the appellant thereafter ratified or adopted the contract made by Hawkins.

[3, 4] Article 1903, V. S. Civ. Stats., as amended by the Acts of the 35th Leg. (Reg. Sess.) p. 388 (Vernon's Ann. Civ. St. Supp. 1918, art. 1903), provides what shall be sufficient to constitute a plea of privilege, and that "such plea of privilege when filed shall be prima facie proof of the defendant's right to change of venue." This plea must be sworn to and must contain an allegation that none of the exceptions to exclusive venue in the county of defendant's residence exist. The pleas in the instant case contained such allegation. This was tantamount to a sworn denial of plaintiff's allegations of authority conferred by defendants upon Hawkins to act for them, etc. The sworn controverting plea of plaintiff merely joined the issue as to the alleged authority of Hawkins. It was necessary for proof in support of the affirmative of this issue to be introduced to sustain plaintiff's claim that the defendants had bound themselves to pay the note in Tarrant county. The statute above noted makes the sworn plea of the defendants prima facie proof of the right to a change of venue, but does not make the controverting affidavit of plaintiff proof of anything. The issue having been joined by the sworn pleas of defendants and plaintiff, the duty of the court to hear such issue is invoked. If no evidence is introduced to show that the facts alleged in the controverting plea are true, then the court is required to sustain the plea of privilege. In the instant case, no evidence, other than the notes and mortgage, was introduced. They, on their face, did not purport to have been executed by defendants. Some proof aliunde the instruments themselves was necessary. None was offered. Hence, we conclude that the court erred in overruling the pleas of privilege. We do not think article 3710, V. S. Civ. Stats., would authorize the court's action in overruling the pleas of privilege, since we construe defendants' pleas of privilege as constituting a sworn denial of the authority of Hawkins to bind them.

[5] As the appellants pray that the cause be removed to Eastland county, we take such prayer as a waiver on the part of the defendants residing in Callahan county that the cause should be removed to Callahan county.

The judgment will be reversed, and the cause remanded, with instructions to transfer the cause to the county court of Eastland county.

---

⟨⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes