DEVEREAUX et al. v. ROWE.    (No. 7718.)

Court of Civil Appeals of Texas. San Antonio.
Feb. 23, 1927.

Rehearing Denied March 23, 1927.

1. Appearance ☞9(3)—Under statute, motion to quash service of citation held general appearance at succeeding term (Rev. St. 1925, art. 2048).

Under Rev. St. 1925, art. 2048, filing of motion to quash service of citation, whether motion be sustained or overruled, *held* to be general appearance to next succeeding term of court.

2. Venue ☞32(2)—Motion to quash service of citation in reliance on plea of privilege held waiver of privilege.

Defendant's motion to quash service of citation in reliance on plea of privilege to be sued in county where he resided, being general appearance, was waiver of privilege claimed.

3. Venue ☞18—Married man may assert privilege to be sued in county of family domicile, though he worked in another county for six months (Rev. St. 1925, art. 2958).

Under Rev. St. 1925, art. 2958, providing that residence of married man is where his wife resides, one who worked for six months in county other than one where wife resided *held* not resident of county where he worked, and may assert privilege to be sued in county of legal residence.

4. Venue ☞32(2)—Waiver of right to be sued in county of defendant's residence held not to affect rights of codefendant.

Waiver of right to be sued in county of his residence by one defendant does not affect right of his codefendant.

5. Venue ☞32(2)—Plea for change of venue held improperly overruled where but one of, defendants had waived privilege to be sued in own county.

Where only one of two joint defendants had waived privilege to be sued in county of his residence, plea for change of venue to county where defendant resided who had not waived privilege *held* improperly overruled.

Appeal from District Court, Bexar County; S. G. Tayloe, Judge.

Suit by S. E. Rowe against T. B. Devereaux and another. From an order overruling their pleas of privilege, the defendants appeal. Reversed and rendered.

Henry S. Paulus, of Yoakum, and Ball & Seeligson, of San Antonio, for appellants.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Lewright & Lewright and W. M. Groce, all of San Antonio, for appellee.

FLY, C. J. Appellee brought suit against J. D. Gray and T. B. Devereaux for damages arising from personal injuries inflicted on him through the negligence of appellants. J. D. Gray filed his plea of privilege to be sued in Dewitt county, where he resided. The plea was contested by appellee, and T. B. Devereaux filed a plea of privilege to be sued in Gonzales county, which was also contested. The court, upon a hearing, overruled the plea of Gray because he filed a motion to quash the service against him, thereby waiving the plea of privilege and overruled the plea of Devereaux on the ground that he had his domicile in Bexar county. This appeal has been perfected from that order of the court.

It is admitted by appellee that J. D. Gray has never been a resident of Bexar county, but is and has been a resident of Dewitt county. It is also admitted that appellee rests his case on the proposition that Devereaux is a resident of Bexar county. The facts show that Devereaux had made his home in Nixon, Gonzales county, for seven years; that for the last ten months he had been hoisting engineer for L. T. Wright Company in San Antonio, and has finished that work and been transferred to Corpus Christi, and was about to leave for that place. His wife lives in Nixon, with their four children. One of the children is attending school in Nixon. Devereaux has for several years, including 1927, paid his poll tax, as well as his wife's poll tax, in Nixon. Mrs. Devereaux has never lived in San Antonio. She has only paid short visits to her husband, the longest visit being for one week. They have never intended to make their residence in San Antonio, but in Nixon. Devereaux did not file his plea of privilege to the March term, 1926, of the district court, but filed it to the succeeding May term.

If Devereaux was a resident of Bexar county and Gray was properly joined with him for the commission of a tort, then Bexar county had jurisdiction over Gray, although his residence was in Dewitt county. If, however, Devereaux did not reside in Bexar county, then Gray's plea of privilege should have been sustained, unless he waived his privilege by filing a motion to quash the citation.

[1] Article 2048, Rev. Civ. Statutes of 1925, provides:

"If the citation or service thereof is quashed on motion of the defendant, the case may be continued for the term, but the defendant shall be deemed to have entered his appearance to the succeeding term."

It will be noted that the statute does not provide that the defendant will be deemed to be duly cited for the succeeding term, but "shall be deemed to have entered his appearance to the succeeding term of the court." The difference is apparent. Formerly under both civil and common law an appearance meant an actual coming into court, a reminder of which is seen in the pleading "now comes the defendant," etc. Entering an appearance in open court under our statute may be made by a defendant in person, by attorney, or a duly authorized agent. Such appearance shall be noted on the docket by the judge and entered in the minutes. Being cited would not constitute an appearance, but such appearance brings the defendant into court, no matter for what purpose he may appear, except for pleading privilege. The statute cited as to the effect of securing the quashing of citation or service is to continue the case for the term and entering the appearance of the defendant to the succeeding term. There is no exception in case he may desire to file a plea of privilege, but the "defendant shall be deemed to have entered his appearance to the succeeding term of the court." The appearance is not a restricted one, but is a general appearance. If the motion to quash had been overruled, the defendant would have been in court and could have been required to answer or suffer judgment by default. Piano Co. v. Anderson, 97 Tex. 432, 79 S. W. 516.

When the motion to quash was granted it merely gave a continuance to the defendant, and at the next term he would be compelled to answer or suffer a default. He had made an appearance by filing a motion to quash the citation at a former term of the court. This has been authoritatively settled by the Supreme Court in Railway v. Morris, 68 Tex. 49, 3 S. W. 457, in which it is said in regard to article 2048, then article 1243:

"The result of this rule is that, whenever he appears and moves to quash the service, he is considered as having appeared to the merits of the next term, whether his motion be sustained or overruled. If properly overruled, he is in court from the time of the service. If improperly overruled, and the cause be continued, he is not prejudiced by the action of the court, for the reason that the continuance is the only advantage he would have obtained if his motion had been granted."

Again, in the case of York v. State, 73 Tex. 651, 11 S. W. 869, a resident of Missouri who had not been legally cited appeared and presented a motion to quash the citation, which was overruled, and the court said:

"That appellant made at least a special appearance in the court below cannot be questioned, and it was not a compulsory appearance, for no process had been served on him which compelled him to appear or take the consequences of default, nor had any of his property been seized under process which made it necessary for him to appear in order to protect it or his rights in it. * * * The inquiry arises, whether the revised statutes have given to a special appearance by a defendant

the full effect in respect to jurisdiction which before their adoption was given only to a general appearance."

After quoting the law the court said:

."Before the enactment of this law an appearance for. the purpose of having citation or service thereof quashed would not have been held to confer jurisdiction on the court over the person of the defendant, but such now is evidently made the·effect of such an appearance, and further issuance and service of process becomes unnecessary, even when it is held that the citation or service was insufficient."

If appearing to quash citation or service is sufficient to bring the resident of another state into court, even though not cited, how much more so would it bring a defendant into court who has been duly cited and is in court for all purposes unless he raises and presses a privilege personal to him. To the same effect are the cases of Sam v. Hochstadler, 76 Tex. 162, 13 S. W. 535; Railway v. Whitley, 77 Tex. 123, 13 S. W. 853; Ætna Ins. Co. v. Hanna, 81 Tex. 487, 17 S. W. 35, and Banco v. Ross, 106 Tex. 522, 172 S. W. 711. In the late case of Railway v. Hale, 109 Tex. 251, 206 S. W. 75, it is held:

"It seems to be almost uniformly held that a general appearance is entered whenever the defendant invokes the judgment of the court in any way, on any question other than that of the court's jurisdiction. * * * The above rule has not only been announced and enforced in this state * * * but our statute has been upheld which makes an appearance to the succeeding term follow even a motion, well taken, to quash a citation or its service; and the reason for upholding the statute is quite conclusive of the instant question, that reason being that 'it is not the fact that the motion to quash a citation or service is sustained which operates as an appearance, but it is the fact that a defendant appears and asks an adjudication, which makes the appearance.'"

. [2] We think the Court of Civil Appeals of the Third District was correct in holding, through Chief Justice McClendon, in Lindley v. Bank, 264 S. W. 159, that—

"Where a motion to quash the citation has been granted, and a continuance thereby obtained upon the plea of privilege, the defendant should be held to have waived the plea."

It may be, as contended by appellant, that the ruling was not absolutely essential to a proper disposition of the case, and still it is strongly persuasive in its statement which follows the spirit of all the Texas cases on the subject. We hold that Gray waived his plea of privilege by invoking the judgment of the court on citation or service in the case.

[3] .The evidence fails to establish the fact that Devereaux ever resided in Bexar county. He had established a home in Nixon, Gonzales county, and although he had been in Bexar county· for more than six months, engaged in labor to secure a living for his

293 S.W.—14

wife and children, who never left Nixon until shortly before the suit was instituted, and had not been in San Antonio long enough to fix a domicile. It may have been intended to move to San Antonio permanently, although the evidence leaves grave doubts as to such intention, but if such intention had been formed it was abandoned before the intention had been put into effect. Devereaux did not have two homes, as contended by appellee. He had but one residence, and that was in Nixon, where his wife resided and cared for their children. . Article 2958, Rev. Civ. Stats. The evidence failed to indicate any intention to abandon that home. It had not been abandoned. Because he was compelled to leave his wife and children to make a support for them did not cause a change of residence. Devereaux had formed no intention to make his home in San Antonio, and had no .place he could claim as home except in Nixon, where he had the right to vote. We think the facts fail to show a residence on the part of Devereaux in Bexar county. Wright v. Marquis (Tex. Civ. App.) 255 S. W. 637; Garvey v. Cain (Tex. Civ. App.) 197 S. W. 765.

[4] The facts in this case present a novel question. Neither of the defendants was shown to reside in Bexar county, and a joint claim against them could not give Bexar county jurisdiction, and the law that, when two or more defendants reside in different counties, suit may be brought in any county where one of the defendants reside, could not be applied. A waiver of right to be sued in the county of his residence upon the part of one defendant we do not .think would affect the right of the other. There is but one exception to the general rule in regard to suing defendants living in different counties which could not apply in this case, because the suit is not pending in the residence of either, and Devereaux had not waived his right to be sued in his own county or in the county of the residence of his codefendant Gray.

[5] Under the statute and the facts the plea of privilege should have been sustained as to T. B. Devereaux,·and then the whole case, not as to Devereaux alone, but also as to Gray, should have been transferred to Gonzales, the county of the residence of T. B. Devereaux. Hickman v. Swain, 106 Tex. 431, 167 S. W. 209; Camp v. Gourley (Tex. Civ. App.) 201 S. W. 671.

The judgment will be reversed, and it is the order of this court that the venue be changed to the district court of Gonzales county, and the clerk will make up a transcript of all orders made in said cause in this and the lower court, certifying thereto officially under the seal of the district court, and send such transcript with the original papers in the cause to the clerk of the district court of Gonzales county.

Reversed and rendered.