## COOPER v. COLORADO & S. RY. CO. et al. (No. 553.)

Court of Civil Appeals of Texas. Waco.
Sept. 29, 1927.

**1. Appearance ⟨⟩⟹23—Affidavit by defendant railroad to effect that person served was not its agent held not appearance waiving right to change of venue.**

Where defendant railroad company filed an affidavit to effect that person on whom service was made was not its agent, it did not thereby enter its appearance so as to waive its right to change of venue; such affidavit not constituting an appearance or filing of any pleading.

**2. Abatement and revival ⟨⟩⟹81—Defendant's motion to quash citation does not waive right to file plea of privilege.**

Where defendant files a motion to quash citation and it is sustained, he can at any time before succeeding term of court file his plea of privilege, and his motion to quash does not waive that right.

**3. Appearance ⟨⟩⟹23—Challenge to sufficiency of service does not waive right to change of venue.**

A challenge to the sufficiency of service is not such an appearance in court as amounts to waiver of right to change of venue.

**4. Carriers ⟨⟩⟹378—Venue of passenger's action for illegal ejectment from train cannot be laid in county where road on which he did not become passenger extended.**

Where passenger purchased a ticket covering transportation over three different railroads, the last of which extended into county of suit, and such passenger was ejected from train before ever becoming a passenger on the last line of railroad, plea of privilege in suit against all railroads for damages for such illegal ejection was properly sustained as to first two railroads.

**5. Dismissal and nonsuit ⟨⟩⟹24—Refusal to permit plaintiff to dismiss against one defendant after sustaining plea of privilege held erroneous.**

Refusal to permit plaintiff to dismiss cause of action as to one defendant after plea of privilege had been sustained held erroneous, since defendant cannot force plaintiff to prosecute his action or continue litigation.

Appeal from District Court, Hill County; Horton B. Porter, Judge.

Action by Tommy Cooper, by his father as next friend, against the Colorado & Southern Railway Company, the Fort Worth & Denver City Railway Company, and another. From a judgment sustaining pleas of privilege filed by defendants named, plaintiff appeals. Affirmed, with right to dismiss as against defendant last named if desired.

Frazier & Averitte, of Hillsboro, for appellant.

Collins & Dupree, of Hillsboro, and Thompson & Barwise, of Fort Worth, for appellees.

BARCUS, J. Appellant, a child 16 years of age, by his father as next friend, instituted this suit against the Colorado & Southern Railway Company, a foreign corporation, the Fort Worth & Denver City Railway Company, and the Missouri-Kansas-Texas Railway Company of Texas, to recover damages which he claims to have suffered by reason of having been illegally ejected from a train at Clayton, N. M. Appellant alleged that a ticket had been purchased for him from Denver, Colo., to Hillsboro, Tex., over said three lines of railway, which ticket had been delivered to the conductor of the Colorado & Southern Railway Company at Denver, and that by virtue thereof he was entitled to transportation from Denver, Colo., to Hillsboro, Tex. He alleged that when the train on which he was riding reached Clayton, N. M., he was forced to get off of said train, the conductor claiming at that point that he did not have any ticket. Appellant alleged that the Colorado & Southern Railway Company was a foreign corporation and that the Fort Worth & Denver City Railway Company had its principal office and place of business in Fort Worth, Tarrant county, and that the Missouri-Kansas-Texas Railway Company

---

⟨⟩⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

had a line of railway running through Hill county. W. F. Sterley, who was alleged to be a resident citizen of Tarrant county, was served with citation as the alleged agent of the Colorado & Southern Railway Company. He filed an affidavit that he was not the agent of said company, and Robert Rice, vice president and general manager of the Colorado & Southern Railway Company, also filed an affidavit that W. F. Sterley was not an agent of or in any way connected with said company. George W. Dupree, Esquire, as amicus curiæ, filed a pleading calling the trial court's attention to said affidavits and suggesting to the court that it investigate and determine the question of whether legal service had been had upon the Colorado & Southern Railway Company. The trial court did hear evidence with reference thereto and held that Sterley was the agent of said company and that proper service had been obtained. The Colorado & Southern Railway Company and the Fort Worth & Denver City Railway Company each then filed separate pleas of privilege, asking that the cause be transferred to the district court of Tarrant county. Appellant filed controverting affidavits, and, on hearing, the court sustained each of said pleas of privilege and ordered the cause transferred to Tarrant county, and from said orders and judgments this appeal is prosecuted.

[1-3] Appellant contends that the Colorado & Southern Railway Company waived its right to a change of venue by Mr. Rice, its vice president and general manager, having filed an affidavit to the effect that Sterley was not its agent, appellant's contention being that said company thereby entered its appearance in the district court of Hill county. We overrule this contention. Our statutes provide specifically for pleadings to be filed in their due order. Where service is had upon a foreign corporation by serving an alleged agent, and an amicus curiæ pleading is filed challenging the sufficiency of the service, in order to render judgment against the foreign corporation the trial court is required to investigate to see whether service is sufficient (Campbell v. City Finance Co. [Tex. Civ. App.] 280 S. W. 349), and a judgment rendered by default without making said inquiry has been by our Supreme Court held erroneous (Pecos & N. T. R. Co. v. Cox, 106 Tex. 74, 157 S. W. 745). It has been held that a motion to set aside a default judgment is not a waiver of the right to thereafter file a plea of privilege. Kelly v. A. B. Crouch Grain Co. (Tex. Civ. App.) 174 S. W. 630. It has also been held that where the defendant files a waiver of service he does not thereby deprive himself of his right to urge a plea of privilege. Winniford v. Holloman (Tex. Civ. App.) 227 S. W. 1114. Where a defendant files a motion to quash citation and same is sustained, he can at any time before the succeeding term of court file his plea of privilege and his motion to quash does not waive that right. St. L. A. & T. Ry. Co. v. Whitley, 77 Tex. 126, 13 S. W. 853; T. & P. Ry. Co. v. Lynch (Tex. Civ. App.) 73 S. W. 65; T. & P. Ry. Co. v. Childs (Tex. Civ. App.) 40 S. W. 41. We do not think that the affidavit filed by Mr. Rice as vice president of the railway company can be construed as an appearance or as the filing of any pleading in the cause. If so, it would be simply a challenge to the sufficiency of the service, and after that issue was determined, it would have the right to file its plea of privilege, since a challenge to the sufficiency of the service is not such an appearance in court as amounts to a waiver of the right to a change of venue.

[4] Appellant contends that the district court of Hill county had jurisdiction because he alleged that he had a through ticket issued by the Colorado & Southern Railway Company, which entitled him to transportation over the three respective lines of railway from Denver, Colo., to Hillsboro, Tex. We overrule this contention. Appellant alleged that he was ejected from the train at Clayton, N. M., while on the line of the Fort Worth & Denver City Railway, and it affirmatively appears from his pleadings as well as from the testimony that he was never a passenger on the line of the Missouri-Kansas-Texas Railway Company. This question has been by our courts decided adversely to appellant's contention. St. L. S. W. Ry. Co. v. McKnight, 99 Tex. 289, 89 S. W. 755; Payne v. Coleman (Tex. Civ. App.) 232 S. W. 537.

[5] Appellant complains of the action of the trial court in refusing to permit him to dismiss his cause of action as against the Fort Worth & Denver City Railway Company after the court had sustained the plea of privilege as to said company. We sustain this contention. Until the case is actually transferred, a plaintiff has the right to take a nonsuit. The defendant cannot force a plaintiff to prosecute his cause of action or continue his litigation. Atlantic Oil Producing Co. v. W. T. Jackson, District Judge (Tex. Sup.) 296 S. W. 283; Hewitt v. De Leon (Tex. Civ. App.) 293 S. W. 301. This action of the trial court does not in any way affect appellant's rights, and it does not appear that he has been in any way injured by the trial court having refused to dismiss the cause against the Fort Worth & Denver City Railway Company.

We have examined all of appellant's remaining assignments of error, and same are overruled. The judgment of the trial court sustaining the pleas of privilege of the Colorado & Southern Railway Company and the Fort Worth & Denver City Railway Company is in all things affirmed. If appellant desires to have the cause as against the Fort

Worth & Denver City Railway Company dismissed before the papers in the cause are actually sent to Tarrant county, the trial court will enter an order of dismissal as to said defendant.

The costs of appeal are taxed against appellant.