## GRAYBURG OIL CO. v. PILAND et al.
### (No. 7871.)

Court of Civil Appeals of Texas. San Antonio.
Dec. 5, 1927.

1. Venue ⌾⇒7—Residents of one county may properly be sued in another in which they agreed to make payments under contract sued on (Rev. St. 1925, art. 1995, subd. 5).

Where residents of one county entered into contract requiring payments to be made in another county, action on such contract may be brought against them in latter county, and their pleas of privilege to be sued in county of residence should be overruled, under Rev. St. 1925, art. 1995, subd. 5.

2. Venue ⌾⇒22(2)—Suit on indemnity bond may be brought in county where one of bondsmen lives.

Where indemnity bond was executed to insure faithful performance of contract, suit on such bond may be brought in county where one of bondsmen lives, and plea of privilege, filed by another bondsman who lives in another county, should be overruled.

3. Venue ⌾⇒32(1)—Right to be sued in county of residence held waived by appearance to move to quash citation before filing of plea of privilege (Rev. St. 1925, art. 2048).

Nonresident defendants *held* to have waived right to be sued in county of their residence by appearing to move quashing of citation before filing plea of privilege, under Rev. St. 1925, art. 2048.

Appeal from County Court at Law No. 2, Bexar County; George G. Clifton, Judge.

Action by the Grayburg Oil Company against C. Piland and others. Pleas of privilege filed by named defendant and another were sustained, and plaintiff appeals. Reversed, and judgment rendered overruling pleas of privilege.

Victor Keller, of San Antonio, for appellant.

Shelton & Shelton, of Austin, for appellees.

FLY, C. J. Appellant sued C. Piland, J. N. Sheppard, and E. G. Reinke on an account for $901.46, made under and by virtue of a certain contract entered into between appellant and Piland, and which Sheppard and Reinke had bound themselves to see faithfully executed. Piland and Sheppard lived in Travis county and Reinke in Bexar county. In the contract Piland agreed to purchase gasoline and oil from appellant, and leased from appellant a certain gasoline filing station and residence in Austin, and bound himself to make all payments due appellant in San Antonio. Piland and Sheppard filed pleas of privilege to be sued in Travis county, which were duly controverted by appellant, but the pleas were sustained and the cause transferred to the county court of Travis county.

[1, 2] All sums that became due to appellant by Piland were under the terms of his written contract payable in San Antonio, Bexar county, Tex., and Sheppard bound himself on the indemnity bond signed by him, Reinke and Piland to pay appellant for all defaults made by Piland under his contract. Appellant sought to enforce only that part of the contract as to payments to be made for gasoline and oil, and those payments were to be made in Bexar county. "If a person has contracted in writing to perform an obligation in a particular county, suit may be brought either in such county or where the defendant has his domicile." Subdivision 5, art. 1995, Rev. Stats. 1925. We fail to see why Piland could not be sued under that exception to the general statute in Bexar county, and if it be held, as in Lindheim v. Muschamp, 72 Tex. 33, 12 S. W. 125, that the bond was a separate contract, and not made by its terms payable in Bexar county, still one of the bondsmen lived in the last-named

---

⌾⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

·county, and that would give the courts of Bexar county jurisdiction. The pleas of privilege should have been overruled, because the amount due for gasoline and oil was made payable in San Antonio, and because one of the sureties on the bond lived in Bexar county.

[3] However, if there had been no contract to pay in Bexar county, appellees waived the right to be sued in Travis county by appearing to move the quashing of the citation long before filing their pleas of privilege. Rev. Stats. 1925, art. 2048; Devereaux v. Rowe (Tex. Civ. App.) 293 S. W. 207.

The judgment will be reversed, and judgment here rendered overruling the pleas of privilege of Piland and Sheppard.