## HORTON v. LONE STAR GAS CO.
### (No. 591.)

Court of Civil Appeals of Texas. Eastland.
July 12, 1929.

Lee R. York, of Abilene, for appellant.

Roy C. Coffee, Karl F. Griffith and Marshall Newcomb, all of Dallas, and Wagstaff, Harwell, Wagstaff & Douthit, of Abilene, for appellee.

FUNDERBURK, J. This suit was brought by E. L. Horton against Lone Star Gas Company, a corporation, seeking recovery of damages in the aggregate sum of $550 for the alleged negligent and careless manner in which defendant constructed a gas pipe line across plaintiff's land, situated in Taylor county. Plaintiff's petition was filed June 29, 1928. Citation was issued the same day and served on June 30, 1928, by delivery of a copy to Ralph H. Shaw, alleged local agent of defendant. On August 10, 1928, defendant filed a motion to quash the service of citation, which motion was, on August 21, 1928, sustained by order of the court duly made and entered. On October 10, 1928, defendant filed its plea of privilege to be sued in Dallas county. On October 19, 1928, plaintiff filed a controverting affidavit, contending that venue was properly laid in Taylor county under subdivisions 14 and 23 of article 1995, Rev. St. 1925. By the controverting affidavit it was also urged that the plea of privilege had been waived by the motion to quash service of citation. Upon a hearing of the plea of privilege, the court, on October 30, 1928, sustained same, and transferred the case to Dallas county. From the last-named order the plaintiff has appealed.

We are of opinion that the controverting affidavit alleged facts sufficient to show that the venue of the case was properly maintainable in Taylor county under both said subdivisions 14 and 23. The question of the unconstitutionality of subdivision 23 has been settled by the Supreme Court in favor of the validity of that provision. Grayburg Oil Co. v. Powell (Tex. Com. App.) 15 S.W.(2d) 542.

But the admission of appellant that no evidence was offered in support of the controverting affidavit has the effect of forestal-

ling an inquiry into the validity of the grounds upon which the venue was sought to be maintained in Taylor county. The effect of the failure of appellant to introduce evidence in proof of the facts claimed to constitute exceptions to the general rule governing the venue of suits was precisely the same as if the plea of privilege had been uncontroverted. Nothing is better settled than that a plaintiff who seeks to justify the bringing and maintaining of a suit in a county other than the county of the residence of a defendant who duly claims his privilege must prove, as well as allege, the facts constituting one or more exceptions to such rule. Greenville Gas, etc., Co. v. Commercial Finance Co., 117 Tex. 124, 298 S. W. 550; World Co. v. Dow, 116 Tex. 146, 287 S. W. 241; Coalson v. Holmes, 111 Tex. 502, 240 S. W. 896; Eyres et al. v. Crockett State Bank (Tex. Civ. App.) 223 S. W. 268; Standard Rice Co. v. Broussard (Tex. Civ. App.) 223 S. W. 323; Ray v. W. W. Kimball Co. (Tex. Civ. App.) 207 S. W. 351.

But, notwithstanding the fact that appellant is in no position to claim a revision of the court's order in sustaining the plea of privilege and transferring the cause, it affirmatively appears upon the face of the record that appellee had waived the plea of privilege. After the filing of the suit, and, between that time and the time of filing the plea of privilege, appellee filed its motion, whereby it invoked the jurisdiction of the court to quash the service of citation. In so doing, appellee, under the operation of Rev. St. 1925, art. 2048, elected to enter its voluntary appearance for the succeeding term of the court. Such voluntary invocation of the court's jurisdiction, it has been held, constitutes a waiver of the plea of privilege. Grayburg Oil Co. v. Piland (Tex. Civ. App.) 300 S. W. 666; Devereaux v. Rowe (Tex. Civ. App.) 293 S. W. 209; Swift & Co. v. Duckett (Tex. Civ. App.) 13 S.W.(2d) 237; Lindley v. Bank (Tex. Civ. App.) 264 S. W. 159; St. Louis & S. F. Railway Co. v. Hale, 109 Tex. 251, 206 S. W. 75.

In this connection it may be remarked that the Supreme Court has but recently reaffirmed as a rule of practice that a plea of privilege may be waived by the defendant voluntarily invoking the jurisdiction of the court on some matter not incident to the plea of privilege. O'Neal v. Texas Bank & Trust Co. (Tex. Com. App.) 11 S.W.(2d) 791.

Appellant has presented no assignment urging the point that, as a matter of law, the plea of privilege was waived. The failure to do so, however, does not warrant the assumption that he intended to waive an error in that respect, since the whole purpose of the appeal is to challenge the correctness of the court's order in sustaining the plea of privilege and transferring the case. It would therefore appear to be our duty to take notice of the error as fundamental; it appearing patently of record, as it does.

This view leads us to the conclusion that the judgment of the lower court should be reversed and the cause remanded for trial in Taylor county, and it is accordingly so ordered.

### On Rehearing.

Upon consideration of appellee's motion for rehearing, we are convinced we were in error in holding that appellee, as a matter of law, waived its plea of privilege by previously presenting and having the court act upon its motion to quash the service of citation. The question, upon original submission of the case, was not briefed, and the authorities which we followed were found in a digest under a title head which we felt justified in assuming contained a reference to all of the cases upon the point. It seems that such was not the fact. Based upon both the reasoning and authority of St. Louis, A. & T. Ry. Co. v. Whitley, 77 Tex. 126, 13 S. W. 853, Atchison T. & S. F. Ry. Co. v. Adams (Tex. Sup.) 14 S. W. 1015, Texas & P. Ry. Co. v. Childs (Tex. Civ. App.) 40 S. W 41, Ramsey & Son v. Cook (Tex. Civ. App.) 151 S. W. 346, and Cooper v. C. & S. Ry. Co. (Tex. Civ. App.) 298 S. W. 612, we are constrained to hold that the motion to quash at the previous term did not constitute a waiver of the plea of privilege duly filed to the term at which defendant was required to answer. For that reason the motion for rehearing is granted. The judgment of this court heretofore entered reversing the judgment of the trial court and remanding the case is set aside, and judgment now rendered in all things affirming the judgment of the trial court.