## C. & S. SPORTING GOODS CO., Inc., v. BRADY INDEPENDENT SCHOOL DIST.

### No. 7735.

Court of Civil Appeals of Texas. Austin.

Nov. 23, 1932.

Rehearing Denied Dec. 14, 1932.

Emmett Shelton and Smith, Brownlee & Goldsmith, all of Austin, for appellant.

Ben H. Powell, John A. Rauhut, and Hart, Patterson & Hart, all of Austin, for appellee.

BAUGH, J.

Appellant sued appellee in the county court of Travis county, Tex., for a balance of $951.44, due for merchandise consisting of athletic materials and equipment purchased from it by R. L. Williams, principal and athletic coach of Brady High School, and furnished during the years 1929 to 1931. Appellee filed its plea of privilege to be sued in McCulloch county, which was duly controverted, the issue of venue tried, appellee's plea of privilege sustained after a jury trial upon the issues raised, and the case ordered transferred to McCulloch county, from which judgment this appeal is prosecuted.

Appellant's suit was based upon two lists of merchandise, one consisting of a written order for football materials, signed by Williams as principal and coach, on June 2, 1929, payable at Austin, Tex.; and the other an itemized verified open account for various and sundry athletic materials and equipment ordered by Williams from appellant. Appellant controverted said plea, alleging that said debt was in part at least upon a written obligation performable in Travis county; that said materials and equipment were necessary in teaching physical education in said school, which was required by law; that said Wil-

liams had implied authority, if not express authority, to purchase same for that purpose as agent of appellee; and that, by accepting and using same for the purposes for which they were purchased, appellee ratified and adopted the contract in question, thereby giving venue in Travis county.

To this controverting plea the appellee specially answered, and, amongst other things, not only denied giving any authority to Williams to make such purchases, but alleged that its board of trustees had expressly instructed him not to make such purchases on the account of the school district; that the sales were not made to the school district, but to other persons who were acting without authority, orders, or direction of appellee. It further answered that such supplies and equipment were not reasonably necessary in the conduct of the school, and that, if the board of trustees had undertaken to purchase same, such contract would have been ultra vires; and even if not ultra vires, it was such a purchase as involved the judgment and discretion of the board itself, and therefore not delegable to an agent. Consequently, that in no event could Williams have made a contract binding upon the school district.

 The only issue here presented is that of venue. As to the itemized account, apart from the written order, against a plea of privilege, of course venue would not lie in Travis county. If, however, appellant had a written contract as to a part of its debt, performable in Travis county, in order to prevent a multiplicity of suits, it could properly maintain venue in Travis county as to all of said indebtedness. Middlebrook v. David Bradley Mfg. Co., 86 Tex. 706, 26 S. W. 935; Warner v. Gohlman, Lester & Co., 117 Tex. 145, 298 S. W. 890; Grayburg Oil Co. v. Piland (Tex. Civ. App.) 300 S. W. 666; Stevens v. Willson, 120 Tex. 584, 39 S.W.(2d) 1088. We are relegated, therefore, to the single question of whether appellant showed a valid contract with appellee covering the football materials and equipment performable in Travis county. This we think it failed to do.

The contract, or written order made out on appellant's forms, was not signed by any trustee of the school, the parties charged by law with the management of the school and the purchase of the supplies necessary for its operation, but by R. L. Williams in his capacity as principal and coach. The consignee of the order was designated as "Brady Hi," but this was obviously a matter of convenience in shipping and bookkeeping and adds nothing to the liability of the appellee on the contract itself. The "buyer" designated in the caption of the written order was "Red" Williams, and not the appellee. Appellee's liability on such contract depends, therefore, on the question, first, whether Williams was authorized to make such purchase for and on behalf of the school district; or, second, whether the

trustees, after such purchase if unauthorized, had ratified and adopted his purchase by knowingly keeping and using the equipment, and that it was reasonably necessary and proper in teaching physical education in the school.

 It is now settled that where a written contract is made by an agent, a plea of privilege and controverting plea challenges the authority of the agent to make such contract and imposes the burden upon the plaintiff to show that the contract was in fact that of the principal and that the agent had authority to execute it. Ray v. W. W. Kimball Co. (Tex. Civ. App.) 207 S. W. 351; Bledsoe v. Barber (Tex. Civ. App.) 220 S. W. 369; Berry v. Pierce Petroleum Corporation, 120 Tex. 452, 39 S.W.(2d) 824; Pavlidis v. Bishop & Babcock Sales Co. (Tex. Civ. App.) 41 S.W.(2d) 294. Plaintiff, in order to retain venue in the county where suit is filed in such case, must bring himself clearly within the exception to the venue statute relied upon. In the instant case not only was the order not signed by appellee as such, but the jury found, and the evidence conclusively showed, that Williams was not authorized by the school board to make such purchases on its behalf.

 The only question remaining which we deem essential to a decision of the issue of venue is whether the board of trustees thereafter ratified and adopted Williams' contract. This issue was submitted to the jury who found that it did not. While it is true, we think, that the issue was not properly presented to the jury, and was subject to the criticism lodged against it by appellant, as was question No. 3 involving the same issue, we have read carefully the entire statement of facts, and have reached the conclusion that the trial court could have properly instructed a verdict on that issue. Nowhere did Williams testify that the board authorized the purchase of the football equipment. Part of it was paid for by the students themselves. Other payments were made by the athletic council, a distinct and separate body from the school board, and from funds derived from admission fees charged for games with other schools, all of which were played outside of Brady or upon grounds in Brady owned by the city and not under the control of the school district. The school superintendent and all members of the school board who testified stated that they did not know that Williams had purchased such equipment for the school, but understood that the matter was being handled through private subscriptions and through the athletic council. We find no evidence that the board of trustees accepted the equipment with knowledge of the source from which it came. Certainly there was no clear showing by appellant of ratification by appellee of the written order for football equipment as would make prima facie a binding obligation on the school district to pay for

it. Such showing, in the light of what we have already said, was necessary to sustain venue elsewhere than in appellee's own county. Since, under this state of the record, the court could not properly have entered any other order, the errors in the charge complained of became immaterial. Fant v. Sullivan (Tex. Civ. App.) 152 S. W. 515; 3 Tex. Jur., 1246, 1254, and cases there cited.

No judgment was entered, of course, upon the merits. The conclusion reached on the venue issue renders it unnecessary for us to determine the other issues presented upon the appeal, e. g., whether such equipment was reasonably necessary in the conduct of the school under the law requiring physical education to be taught; and, if so, whether all or only a part of it was necessary; whether such purchases, as to the open account sued upon, if authorized or ratified by the school board, were ultra vires; or what bearing custom among the schools, if such existed, to purchase such equipment out of the school funds of the district, would have upon appellee's liability. The case was not fully developed along these lines on the trial of the plea of privilege and we pretermit a discussion of them here. Having concluded that as to the written order, the only item on which appellant could assert venue in Travis county, it failed to prima facie establish such a binding obligation on appellee as to maintain the suit where filed, the trial court properly granted a change of venue on the issues made, his judgment is affirmed.