

# THE ATTORNEY GENERAL
## OF TEXAS

GERAND C. MANN
XXXXXXXXXXXXXXXXXEPPERD
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable W. Lee O'Daniel
Governor of Texas
Austin, Texas

Dear Sir:

Opinion No. 0-3382

Re: Citizenship of
B. D. Battle

Your letter of April 8, 1941, requests the opinion of this department upon the question whether, under the material submitted with your request, Mr. Battle is a resident citizen of the State of Texas.. Your request does not ask that we give this opinion upon the information submitted with your letter alone, but asks that we base it on these facts "and other facts which you may find."

State citizenship is governed by the provisions of the United States Constitution, Amendment 14, Section 1:

"All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside."

Assuming Mr. Battle to be a citizen of the United States, his State citizenship depends upon his residence. The term "reside" has reference to the "domicile" or "legal residence" of the person, observing the distinction between actual residence and domicile stated by our Supreme Court in the case of Pecos, etc. Ry Co. vs. Thompson, 106 Tex. 460, 167 S. W. 801:

"Residence means living in a particular locality, but domicile means living in that locality with the intent to make it a fixed and permanent home. Residence simply requires bodily presence, as an inhabitant in a given place, while domicile requires bodily presence in that place and also one's intention to make it one's domicile."

Honorable W. Lee O'Daniel, Page 2 (O-3382)

Two things must concur to constitute "domicile:" First, residence; and second, the intention of making the place of residence one's home. 15 Tex. Jur. 709. Thus a domicile once acquired is not lost simply by the acquisition of a new residence; the acquisition of the new residence must be accompanied by the intention to make it one's fixed and permanent home. Hardy vs. DeLeon 5 Tex. 211; Holliman vs. Peebles, 1 Tex. 673.

Since the fact of residence plus the factor of intention are necessary to the determination of the question of domicile, it is obvious that the issue with respect to each particular case can be resolved only in view of all the facts of the particular case. The solution of the problem will not depend upon any single circumstance or group of circumstances but upon all the circumstances taken in connection with each other. In instances where the elements of residence and intention gathered from conduct are ambiguous or uncertain, it becomes necessary to make a minute inquiry into the habits, character, pursuits, social and domestic relations, business and political affairs of the person. 19 Corpus Juris p. 435. In the case of a single person, ordinarily it is a fair presumption of fact and law that the place at which a person actually lives in his domicile, such presumption being of course rebuttable. Russell's Heirs vs. Randolph, 11 Tex. 460; 15 Tex. Jur. 718; 19 Corpus Juris 431. In the case of a married man, the presumption is that his domicile is where his wife resides, but this presumption will likewise yield to a contrary showing of the facts. Fidelity and Deposit Company of Maryland vs. First National Bank, 113 S. W. (2d) 622; Stranton vs. Hall 90 S. W. (2d) 865; Hennessey vs. Campbell 32 S. W. (2d) 390; Devereaux vs. Rowe 293 S. W. 207; 17 Am. Jur. p. 639; 9 R. C. L. pp. 557-558.

With your letter you submit the following material:

1. Affidavit of B. D. Battle in which he certifies that in 1932 he did come into and did become a permanent resident of Longview, Gregg County, Texas; that he obtained by reciprocity from the Texas Board of Public Accountants a certificate to practice his profession of accounting in Texas; that in 1932 he was appointed Assistant County Auditor of Gregg County and served as such until October 1, 1939; that

since October 1, 1939, he has continued to reside and practice his profession in Longview, Texas.

2.  Receipt for American Legion dues for 1941, to Post No. 140, Longview, Texas (paid 8-24-40).

3.  Letter from R. S. Wyche, County Auditor, Longview, Texas, to Senator Joe Hill, dated April 5, 1941, recommending confirmation of Mr. Battle, stating Mr. Battle was his assistant from 1932 to 1939; that since 1939 Mr. Battle has conducted an accounting office in Longview; and expressing his opinion of Mr. Battle's qualifications to be State Auditor.

4.  Letter from J. C. Barton, Vice President, and J. W. McDavid, Cashier, First National Bank, Longview, Texas, dated April 5, 1941, stating their opinion of Mr. Battle's character and ability, and that since December 14, 1933, he has been a customer of the bank and maintained an active checking account; that he practices his profession in Longview.

5.  Letter from Floyd Covington, Assistant Manager, Longview Chamber of Commerce, to Senator Joe Hill, recommending Mr. Battle and stating that he has been an active member of the local Chamber of Commerce for many years.

6.  Certificate by Mann Fuller, Tax Assessor-Collector, Gregg County, Texas, dated April 3, 1941, stating that B. D. Battle has been a legal resident and qualified voter of Gregg County, Texas, since 1933.

7.  Certificate by Sheriff of Gregg County, Texas, that he has summoned Mr. Battle for jury service between 1934 and 1940.

8.  Poll tax receipt for 1940 dated 1-31-41, issued to "B. D. Battle, 203 East College, Longview, Texas" by Mann Fuller, Assessor-Collector of Taxes, Gregg County, Texas.

9.  Three commissions to Mr. Battle as Notary Public in and for Gregg County, Texas, for the terms ending June 1, 1937, June 1, 1939, and June 1, 1941, respectively.

10.  Declaration by Buford D. Battle of intention to study law, filed with the Supreme Court of Texas December 15, 1938, in which he states his permanent address to be Longview, Texas.

While the foregoing facts are not fully developed, standing alone they indicate that Mr. Battle is a resident citizen of the State of Texas.  However, we are in receipt of the following information contained in a letter to this department from Senator Joe Hill:

"1.  Buford D. Battle and wife are living together as man and wife.

"2.  The latest City Directory of the City of Shreveport, Louisiana, carries listing 'Battle, Buford D., Certified Public Accountant, 552 Jordan Street, Telephone 4003, residence 257 Rutherford, Telephone 75920.'

"3.  The listing in January 1st Telephone Directory of the City of Shreveport, Louisiana, gives his office at 257 Rutherford, Telephone No. 71531.

"4.  I have a telegram from the Sheriff of Shreveport, Louisiana, dated April 4 as follows:  'Buford D. Battle signed 1939 poll books.  Act 374, 1940, cancelling signing poll books for 1940.'  (sgd.)  J. H. Flournoy, Sheriff.

"5.  I have a telegram from the Tax Assessor in Shreveport, Louisiana, dated April 4, 1941, sent at 8:48 AM as follows:  'B. D. Battle listed in January 1st Telephone Directory as being an accountant at two fifty-seven Rutherford Street.  Mrs. Battle signed application for homestead exemption in this office on April second nineteen forty-one, she being record owner of the home.'  (Sgd.)  A. G. Hammett, Tax Assessor.

"I am informed that Mr. Battle has a room which he occupies at Longview, Texas, and that he maintains an office there as an Accountant.  I am also advised that he has paid a poll tax in Gregg County, Texas."

The opinion of the Attorney General can be given on questions of law only. Disputed questions of fact, or mixed questions of law and fact cannot be authoritatively decided by the Attorney General. 6 Corpus Juris. p. 811. The weight of evidence and the credibility of witnesses are not questions to be addressed to or decided by the Attorney General. 6 Corpus Jur. p. 812, Note 78.

It is apparent from what has been stated above that the facts with reference to Mr. Battle's citizenship are disputed. Since this department lacks the authority to decide such disputed issues of fact, or mixed questions of fact and law, we regret that we cannot give you an opinion upon the question presented in your letter.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By      /s/ R. W. Fairchild
        R. W. Fairchild
        Assistant

RWF:ej : mjs

APPROVED APR 17, 1941
/s/ Grover Sellers
First Assistant
Attorney General

APPROVED OPINION COMMITTEE
BY /s/ BWB CHAIRMAN